## Williams *versus* The Commonwealth.

A conspiracy to cheat by false tokens cannot be more severely punished than the offence itself, that is, by imprisonment not exceeding one year.

ERROR to the Quarter Sessions of *Mercer county*.

This was an indictment against George W. Williams, charging him with making and passing counterfeit bank notes. It contained seven counts, on the sixth only of which the defendant was convicted. That count was as follows:—

"And the grand inquest aforesaid, inquiring as aforesaid, upon their oaths and affirmations aforesaid, do further present that the said George W. Williams, on the day and year aforesaid, at the county and within the jurisdiction aforesaid, unlawfully and wickedly did conspire, combine, confederate, and agree with one Edward George and divers other persons to the grand inquest aforesaid unknown, to deceive and defraud, and to cause to be deceived and defrauded, one Charles Vernon, of great sums of money and large amounts of property, by means of false pretences and false, forged, and counterfeited paper writings in the form and similitude of bank notes; which said paper writings were of no value, and purported to have been promissory notes bearing date the fourth day of December, in the year one thousand eight hundred and fifty-six, for the payment of ten dollars each, on demand, by the State Bank of Ohio, at its Harrison Branch, Cadiz, and to have been signed by J. Andrews, president, and Wm. Phillips, cashier, when in verity and truth said promissory notes were false, forged, and counterfeited; and that in pursuance of the conspiracy, combination, confederacy, and agreement aforesaid, the said Edward George afterwards, to wit, on the day and year aforesaid, at the county aforesaid, did fraudulently, unlawfully, and deceitfully offer and pay to the said Charles Vernon, for the purpose of deceiving and defrauding him, the said Charles Vernon, for and as a good, genuine, and lawful bank note, three of the aforesaid false, forged, and counterfeited paper writings, in the form and similitude of bank notes, partly written and partly printed, purporting to be promissory notes, for the payment of ten dollars each, by the State Bank of Ohio, to bearer, on demand, at the Harrison Branch, Cadiz, bearing date the fourth day of December one thousand eight hundred and fifty-six, and to have been signed by J. Andrews, president, and Wm. Phillips, cashier; they the said Edward George, and the said George W. Williams, then and there well knowing that said promissory notes as aforesaid were false, forged, and counterfeited, and that they were of no value; to the great damage of the

[Williams *v.* The Commonwealth.]

said Charles Vernon, contrary to the Act of Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The defendant having been convicted on this count, and acquitted on all the others, was sentenced by the court below to an imprisonment of three years in the Western Penitentiary; which was here assigned for error.

*Pearson & Taylor*, for the plaintiff in error.—The defendant has been convicted of a conspiracy to defraud by means of false pretences, which cannot be more severely punished than the offence itself: Scott *v.* Commonwealth, 6 *S. & R.* 224; Hartmann *v.* Commonwealth, 5 *Barr* 60. He is not charged with conspiring to pass forged and counterfeited notes; which might have justified the sentence: Hazen *v.* Commonwealth, 11 *Harris* 366.

*J. H. Robinson*, District Attorney, for the Commonwealth, cited Collins *v.* Commonwealth, 3 *S. & R.* 220; Commonwealth *v.* Gallagher, 4 *Penn. L. J.* 58; Clary *v.* Commonwealth, 4 *Barr* 210.

The opinion of the court was delivered by

LOWRIE, C. J.—Cheating or defrauding by means of any false token or writing, or by any false pretences whatsoever, is punishable by imprisonment, in the penitentiary or the county jail, not exceeding one year; and conspiracy to cheat in that way cannot be more severely punished: Act 12th July 1842, § 21; 5 *Barr* 60.

We regard the sixth count of this indictment as charging a conspiracy to cheat a given person by false tokens or writings, that is, by counterfeit bank notes; and though this could formerly be punished more severely than above indicated, 3 *S. & R.* 220, it cannot now. We cannot treat it as charging a conspiracy to make and pass counterfeit notes: 4 *Barr* 210.

We must, therefore, correct the sentence passed in this case.

The sentence of the Quarter Sessions is reversed for all the term of imprisonment of the defendant beyond the term of one year and affirmed for the residue, and the record is remitted to the Quarter Sessions.