# Commonwealth *v.* Haun, Appellant.

*Criminal law—Conspiracy—Indictment—Act of March* 31, 1860, *sec.* 88, *P. L.* 382.

An indictment lies not only where a conspiracy is entered into for an illegal purpose but also where it is to effect a legal purpose by the use of unlawful means; and this, although such purpose be not effected. Where the object itself is unlawful, the means by which it is to be accomplished are not material ingredients in the offense; and, therefore, in such a case it is never necessary to set them forth. The offense is complete the moment the conspiracy is made, whether any acts be done in pursuance of it or not. Such acts form no part of the offense and the statement of them in the indictment is but surplusage. It is by no means necessary that the object to be accomplished should be malum in se. It is sufficient if it be made criminal or even prohibited under penalties by statute.

An indictment which charges that a prisoner and his confederates with force and arms, "being persons of evil minds and dispositions, unlawfully and wickedly did conspire, combine, confederate and agree together to make an assault with wicked intent," to cause and procure a certain woman named "pregnant or quick with child, then and there to miscarry, abort and bring forth" a child with which she was pregnant, dead, to the great damage of the said woman, etc., is sufficient, although it does not charge that anything was done in pursuance of the conspiracy.

In such a case a sentence less than the maximum prescribed in the act for the crime is not illegal.

*Criminal law—Charge of court—Harmless error.*

An appeal in a criminal case will not be reversed because the court committed error in the portion of its charge relating to certain counts of the indictment upon which the defendants were found not guilty.

Argued Dec. 14, 1903. Appeal, No. 70, May T., 1904, by defendant, from judgment of Q. S. Lawrence Co., March T., 1903, No. 10, on verdict of guilty in case of Commonwealth v. James R. Haun. Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ. Affirmed.

Indictment for conspiracy to commit abortion. Before Wallace, P. J.

The fifth count of the indictment was as follows :

"And the inquest aforesaid, upon their oaths and solemn affirmation aforesaid do further present that the said Albert Itell, the said James R. Haun, the said Edward Cooper, the said Della Talbitzer, afterwards, to wit: On the day and year aforesaid, in the county of Lawrence, aforesaid, and within the

jurisdiction of this court, with force and arms, etc., being persons of evil minds and dispositions, unlawfully and wickedly did conspire, combine, confederate and agree together in and upon the body of her, the said Mabel Williams in the peace of God and of the said commonwealth then and there being, an assault to make with a wicked intent, to wit: to cause and procure the said Mabel Williams, a woman pregnant or quick with child, then and there to miscarry, abort and bring forth the child with which she was pregnant, dead, to the great damage of her, the said Mabel Williams, to the evil example of all good citizens of the said commonwealth, etc., contrary to the form of the act of the general assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The court charged in part as follows:

[Character is that which a man builds for himself by his own acts or sayings. While these witnesses are termed character witnesses they are not, they are witnesses upon reputation. Reputation is that which other people—your neighbors and your associates make for you—it is what they say about you—it is hearsay. They make your reputation—you make your character. Good reputation may, as I say, work a doubt. To illustrate: This may be far fetched and it is an extreme case. You men might be called here as jurors and we would have William Patterson, president of the National Bank of Lawrence county, charged with being in the lower end of our city and robbing some person of a dime, and they would call witnesses to show his reputation for peace and good order, you would hesitate to say he would do such a thing, and hesitation is a natural doubt and would operate in favor of an acquittal of Mr. Patterson. This is an extreme case and I cite it as an extreme case in order to illustrate the effect that evidence of reputation should have. You men have heard it; you have their means of knowledge of knowing what this man's reputation was, and you have heard them say what it is, and it is for you to say what weight you shall give it in considering.] [14]

Verdict of guilty; upon which the court sentenced the prisoner to imprisonment for two years in the Western Penitentiary.

*Errors assigned* among others were (1–4) in refusing to arrest the judgment; (5–14) portions of charge, quoting them; (22) the sentence of the court.

*B. A. Winternitz,* with him *W. S. Anderson, F. A. Blackstone* and *J. C. Norris,* for appellant.—There must be a proper description of the person, of the crime committed, laid with suitable averments of time, place and all other elements that go to make up the offense and indicate its criminal character: 1 Wh. Crim. Law, 7th ed., sec. 285; U. S. v. Cruikshank, 92 U. S. 548; State v. Cooper, 22 N. J. L. 52; Com. v. Railing, 113 Pa. 37; Com. v. Parker, 50 Mass. 263; Smith v. State, 33 Me. 48; Tinkler's Case, 1 East P. C. Ch. 5, sec. 17; Com. ex rel. v. Keeper of the Prison, 2 Ash. (Pa.) 227.

It is well settled in Pennsylvania that where the act conspired to be accomplished is a well known and recognized offense at common law, the object of the conspiracy may be described in the general terms by which it is technically known, but where the indictment is a conspiracy to commit a statutory offense, it must allege the agreement to do those acts which are the essential ingredients of the crime: Hartmann v. Com., 5 Pa. 60; Com. v. Myers, 146 Pa. 24; Com. v. Bracken, 14 Phila. 342 (8 W. N. C. 280); Com. v. Galbraith, 6 Phila. 281; State v. Ripley, 31 Me. 386; State v. Mayberry, 48 Me. 218; Lambert v. People, 9 Cowen, 578; Com. v. Eastman, 55 Mass. 189; Alderman v. People, 4 Mich. 414; State v. Jones, 13 Iowa, 269; State v. Keach, 40 Vt. 113; State v. Youngster, 1 Dev. (N. C.) 357; State v. Parker, 43 N. H. 83; State v. McKinstry, 50 Ind. 465; Cole v. People, 84 Ill. 216.

The defendants had a right to submit their reputation as peaceable, law abiding citizens, as positive evidence and it was upon the evidence alone that that question ought to have been submitted to the jury: Com. v. Gibbons, 3 Pa. Superior Ct. 408; Com. v. Sayars, 21 Pa. Superior Ct. 75.

*Charles E. Mehard,* district attorney and. *J. Norman Martin,* for appellee.—A confederation to do anything in itself illegal is a conspiracy: Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173; Wilson v. Com., 96 Pa. 56.

The means to be employed to do an unlawful act by the con-

spirators need not be set forth in the indictment for they are not material ingredients of the offense : Hazen v. Com., 23 Pa. 355; Twitchell v. Com., 9 Pa. 211 ; Com. v. Barger, 14 Phila. 368; Seifried v. Com., 101 Pa. 200 ; Com. v. Bennett, 1 Pittsburg, 261 ; Rogers v. Com., 5 S. & R. 463.

A conspiracy to commit a crime cannot be punished more severely than could be the consummated offense : Williams v. Com., 34 Pa. 178 ; Hartmann v. Com., 5 Pa. 60 ; Scott v. Com., 6 S. & R. 224.

The judgment of the court was within the sentence imposed by the statute for the consummated offense and was, therefore, clearly within the law.

OPINION BY BEAVER, J., December 16, 1904:

Defendant was convicted upon the fifth count of the indictment upon which he was tried which charged him with a conspiracy, with two others, to commit the crime specifically set forth in the 88th section of the Criminal Code of March 31, 1860, P. L. 382.

The first, second, third, fourth, twentieth, twenty-first and twenty-second assignments of error relate to the sufficiency of the indictment and the legality of the sentence thereunder.

The objections to the count under which the defendant was convicted, both as to the charging of a crime therein and the failure to set forth specific means by which the crime was to be committed are fairly met in Hazen v. Commonwealth, 23 Pa. 355, in which Mr. Justice LEWIS says : " An indictment lies not only where a conspiracy is entered into for an illegal purpose but also where it is to effect a legal purpose by the use of unlawful means ; and this, although such purpose be not effected (quoting authorities). Where the object itself is unlawful, the means by which it is to be accomplished are not material ingredients in the offense ; and, therefore, in such a case it is never necessary to set them forth. The offense is complete the moment the conspiracy is made, whether any acts be done in pursuance of it or not. Such acts form no part of the offense and the statement of them in the indictment is but surplusage. It is by no means necessary that the object to be accomplished should be malum in se. It is sufficient if it be made criminal or even prohibited under penalties by statute."

There can be no doubt here of the criminality of the act which constituted the subject of the conspiracy. The jury having found that the conspiracy was complete, it mattered nothing whether anything was done in pursuance of the conspiracy and it was, therefore, unnecessary to set forth the means by or through which the crime was to be committed.

The count in the indictment, under which the defendant was convicted, charges that "he and his confederates, with force and arms, etc., being persons of evil minds and dispositions, unlawfully and wickedly did- conspire, combine, confederate and agree together to make an assault with wicked intent" for the purpose of committing the crime specified in the act of assembly. The indictment was clearly sufficient to sustain the conviction and the court was, therefore, justified in overruling the motion in arrest of judgment. If the crime was properly charged in the indictment, it follows that the sentence was legal. It was less than the maximum prescribed in the act for the crime : Hartmann v. Com., 5 Pa. 60, and Williams v. Com., 34 Pa. 178, are authority for the proposition that a conspiracy to do an unlawful act cannot be more severely punished than the offense itself, but in deciding that they thereby practically uphold, at least by implication, the legality of a sentence which does not exceed the statutory penalty for the crime.

The remaining assignments of error, from five to twenty inclusive, excepting the sixth, relate to the charge of the court and to the answers to defendant's points. They complain of " the inadequacy of the charge, giving undue prominence to commonwealth's testimony, failing to properly present the defense, ignoring important facts on its side, erroneous statement of law as to testimony of accomplice, improper allusion to weight to be given character witnesses, stating that facts were admitted which were denied and unfair reference in charge to duty of district attorney." We have read these assignments and the testimony relating thereto with care and fail to find anything therein which injuriously affected the defendant's rights. The court endeavored to cover in the charge both the testimony of the commonwealth and of the defense. We think this was in the main fairly done. There is certainly no bias apparent and there is no dogmatic assertion

of correctness of statement, the court more than once qualifying his recitals with, " This is in substance the testimony."

The jury was carefully instructed as to the weight to be given to the testimony of an accomplice. If there was error as to the instruction of the court in this behalf, the defendant has no reason to complain.

We fail to see how the defendant could have been injuriously affected by what is complained of in the fourteenth assignment of error, in which the court uses an illustration as to testimony affecting reputation. The illustration is perhaps extreme and is said by the court to be so, but taking it at its worst it was irrelevant and in no way detracted from the strength of the testimony of the numerous witnesses who were called and testified more particularly as to the other defendant, Dr. Cooper, who was alleged to have conspired with the present defendant to commit the crime charged in the indictment.

The defendant's points were, with a single exception, affirmed and any qualifying remarks which were added in no way detracted from the force of the affirmance. As to the exception, the point assumed a fact which was in the case and which the court properly submitted to the jury.

As to the sixth specification, in which a portion of the charge of the court below is assigned for error, it is enough perhaps to say that this portion of the charge relates exclusively to the four counts of the indictment upon which the defendants were not convicted. The verdict was " Not guilty on first, second, third and fourth counts; guilty on fifth count." Even if it be admitted, therefore, that there was error in this portion of the charge, this defendant was not in any way injured, inasmuch as he was directly connected with the alleged conspiracy by the testimony of Itell and the entire train of circumstances which finally resulted in bringing Mabel Williams to Lawrence county. The assignment, therefore, calls for no special discussion.

Considering the case from every point of view, we are unable to see in the entire record any error of which this defendant can justly complain. The assignments of error are, therefore, all overruled.

Judgment affirmed and record remitted for the purpose of carrying into effect the sentence of the court below.