## Commonwealth v. Glancy et al.

*Indictment — Sufficiency —Information—Variance—Common-law conspiracy — Means for doing act — Delivering checks without funds — Intent to defraud—Act of April 18, 1919.*

1. There is no variance between an information charging a conspiracy to embezzle, abstract and wilfully misapply money with intent to cheat and defraud a trust company and an indictment which charges a conspiracy to embezzle which resulted in cheating and defrauding the trust company, since both information and indictment charge a common-law conspiracy.

2. It is not necessary to set forth in the indictment the means of accomplishing the unlawful act.

3. The fact that the indictment charged that both defendants knew that when they drew a check there were not sufficient funds to meet it, while the information charged that only one of them knew it, is not ground for quashing the indictment if the evidence before the grand jury disclosed both of them knew it.

4. Under the Act of April 18, 1919, P. L. 70, an intent to defraud is a necessary ingredient of the offence of delivering checks when there are insufficient funds to meet them.

Motion to quash indictment. Q. S. Dauphin Co., June Sess., 1927, No. 85.

*Robert T. Fox*, District Attorney, and *Michael E. Stroup*, Deputy Attorney-General, for Commonwealth.

*Stroh & McCarrell, E. E. Beidleman* and *Thomas D. Caldwell*, for defendants.

HARGEST, P. J., July 18, 1927.—This case comes before us on a motion to quash the indictment for conspiracy for the following reasons:

1. That the indictment charges a different offence than that charged in the information upon which it is based.

2. That the indictment does not sufficiently and specifically set forth facts either constituting an unlawful act or an unlawful means of accomplishing an act in connection with the matters charged.

3. That there is a variance between the indictment and the information, in that the information charges that Glancy knew that there were no funds from which to pay the check, and the indictment charges that both Glancy and Banmiller knew that fact.

4. That the indictment charges a conspiracy in the making and honoring of a check without specifically identifying the same.

It is argued that it does not sufficiently appear in the indictment whether it is intended to charge an offence at common law or under the Act of April 18, 1919, P. L. 70, and if it is intended to charge a conspiracy under this act, the essentials which constitute the offence thereunder are not charged.

1. If the indictment in this case was based on an information that did not contain any of the essentials of the offence, it would have to be quashed Com. *v.* Miller, 2 D. & C. 456, 24 Dauphin Co. Reps. 204), but such is not the situation, as a glance at the information and the indictment will disclose.

The information charges: "Edward J. Glancy and Aloysius S. Banmiller . . did . . . conspire . . . to unlawfully and fraudulently embezzle, abstract and wilfully misapply certain moneys (and after detailing the method, further charges) and did thereby, in the manner aforesaid, cheat and defraud the said Commonwealth Trust Company."

The indictment charges: "That Edward J. Glancy and Aloysius S. Banmiller . . . did . . . conspire . . . to unlawfully and fraudulently cheat and defraud the Commonwealth Trust Company . . . of its moneys . . . and on the day and year aforesaid the said Edward J. Glancy and Aloysius S. Ban-

Commonwealth v. Glancy et al.

miller did . . . conspire to unlawfully and fraudulently embezzle, abstract and wilfully misapply certain moneys . . . (and after detailing the method, further charges) and that the said Edward J. Glancy and Aloysius S. Banmiller did thereby, in the manner aforesaid, cheat and defraud the said Commonwealth Trust Company."

It will readily be seen that the information charges a conspiracy to embezzle, abstract and wilfully misapply moneys which resulted in the cheating and defrauding of the Commonwealth Trust Company. The first charge in the indictment is a conspiracy to cheat and defraud, but it also charges a conspiracy to embezzle which resulted in cheating and defrauding the Commonwealth Trust Company. So that, with the exception of the first charge, the indictment is almost, word for word, the same as the information. One could hardly embezzle without defrauding. Embezzlement is an unlawful act. A conspiracy to embezzle is a common-law conspiracy. Both the indictment and the information contain this charge in apt phraseology.

It is well settled that an information need not contain as full and specific a statement as the indictment. It is sufficient if the essential elements of the offence are set forth in terms of common parlance: Com. v. Miller, 77 Pa. Superior Ct. 469; Com. v. Dingman, 26 Pa. Superior Ct. 615; Com. v. Carson, 166 Pa. 179.

We conclude that the indictment in this case sufficiently charges a common-law conspiracy and does not charge an offence under the Act of 1919. An indictment need not conform precisely with the phraseology of the information (Com. v. Gouger, 21 Pa. Superior Ct. 217), yet the indictment in this case is almost identical with the information.

2. It is argued that the indictment does not sufficiently set forth facts constituting either an unlawful act or unlawful means for the accomplishment of a lawful act. This indictment charges a conspiracy to embezzle which resulted in cheating and defrauding the Commonwealth Trust Company. There is no doubt about the charge constituting an unlawful act. Where the object of the conspiracy is unlawful, the means by which it is to be accomplished are not material ingredients in the offence, and, therefore, in such a case it is never necessary to set them forth: Com. v. Haun, 27 Pa. Superior Ct. 33. But in this case, the indictment does set forth the means, namely, that Glancy drew his check in the sum of $500 and Banmiller, being the assistant treasurer of the Commonwealth Trust Company, paid the check, both of them knowing at the time there were no funds on deposit to meet it.

3. There is no merit in the contention that the indictment should be quashed because the indictment charges that both Glancy and Banmiller knew at the time of the making and uttering of the check that Glancy did not have sufficient funds to meet it, whereas the information charges that only Glancy knew that fact. An information need not charge a crime with the same details and technical accuracy as an indictment: Com. v. Dingman, 26 Pa. Superior Ct. 615; Com. v. Miller, 77 Pa. Superior Ct. 469; Com. v. Carson, 166 Pa. 179. A grand jury may indict for any offence if it is related to that charged in the information and warranted by the evidence: Com. v. Weber, 67 Pa. Superior Ct. 497, 503. If the evidence disclosed that both Glancy and Banmiller knew at the time of the making and drawing of the check and the payment thereof that there were no funds to meet it, the grand jury had a right to so charge in the indictment, notwithstanding the information averred knowledge on the part of Glancy alone.

4. It is also contended that the indictment does not sufficiently identify the check alleged to be the means by which the conspiracy was committed. The

indictment charges that the conspiracy was committed on Jan. 7, 1927, by drawing and paying a check, in the amount of $500, upon the Commonwealth Trust Company. The date, the amount, the drawer and the depository drawn upon are set out. We think that is a sufficient description to identify the check.

Under the Act of April 18, 1919, P. L. 70, making it a misdemeanor to make, utter or deliver checks when there are not sufficient funds in, or credit with, the depository, "intent to defraud" is an ingredient of the offence. If the indictment before us were intended to charge an offence under this act of assembly, it would be necessary to aver an intent to defraud and that the maker or drawer of the check did not have either sufficient funds "or credit with" the depository. But the indictment does not charge an offence under that act. It is not necessary to further discuss this contention. We conclude that this indictment sufficiently charges a common-law conspiracy, and does not charge a conspiracy under the Act of 1919.

For these reasons, the motion to quash the indictment is overruled.

From Homer L. Kreider, Harrisburg, Pa.