Commonwealth ex rel. Jenkins *v.* Costello, Appellant.

Argued April 15, 1940.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James R. Sheppard,* for appellant.

*Joseph I. Lewis,* with him *Thomas E. Kilgallen,* of *Kilgallen & Lewis,* for appellee.

OPINION BY PARKER, J., July 19, 1940:

This is an appeal from an order of a court of common pleas sustaining a summary conviction for disorderly conduct by a justice of the peace where the record was brought into that court on a writ of certiorari. No evidence was taken by either party and the court disposed of the matter after argument from an inspection of the record. The record is attacked on the grounds that it does not sustain the jurisdiction of the justice of the peace and that it shows lack of due process in violation of the state and federal constitutions.

The charge was intended to be made under The Penal Code, Act of June 24, 1939, P. L. 872, §406 (18 PS §4406), which provides that "whoever wilfully makes or causes to be made any loud, boisterous and unseemly noise or disturbance to the annoyance of the peaceable residents near by, or near to any public highway ...... whereby the public peace is broken or disturbed or the traveling public annoyed, is guilty of the offense of disorderly conduct." It then provides upon conviction for a fine not exceeding ten dollars or, in default of payment thereof, imprisonment for a period not exceeding thirty days.

We will consider such of the exceptions as merit at-

tention. It is first urged that the information contains no specific charge of fact constituting a violation of the provisions of the act. It is only necessary to refer to the information and amended information to show that it was sufficient. It charged that the defendant, at a definite street intersection on a public highway in West Elizabeth Borough in the county of Allegheny, did do the things which the act of assembly prohibited and made the charge in the words of the act.

The purpose of a preliminary written charge and hearing before a justice is to inform the defendant as to the offense with which he is charged and to ascertain whether there are sufficient grounds for holding him for trial. The offense may be described by employing generic terms or in words by which the crime "is designated in the common language of the people": *Com. v. Grego,* 116 Pa. Superior Ct. 295, 296, 176 A. 550. Disorderly conduct is the title of §406 of The Penal Code and the specific words of the statute defining that offense were employed in the information. That was all that was required. The information does not need to be as full as that required in an indictment: *Com. v. Carson,* 166 Pa. 179, 30 A. 985; *Com. v. Miller & Burke,* 77 Pa. Superior Ct. 469, 471. It is suggested that the first information cited the Act of May 2, 1901, P. L. 132 (18 PS §421). This, however, was amended by another information which described the later act. The two acts are, for all practical purposes, identical, the latter supplying the former one as a part of the codification of the criminal laws of the Commonwealth.

Does the record state sufficient evidence to support the charge? It is only necessary to refer to the docket to answer this question. It shows that five witnesses were sworn on behalf of the prosecutor, among whom was George Jenkins who testified that he was driving his car on a public highway followed by defendant; that at a street intersection in West Elizabeth Borough "defendant pulled his car in front of mine [the prose-

cutor's] and blocked my [his] right of way and then got out of his car and came over to my [his] car and opened the door and threatened to punch my [his] nose and cursed me [him] and called me [him] vile names in loud tone of voice which attracted the attention of persons nearby." The prosecutor was corroborated by four witnesses, among whom was a constable. That officer testified that he cautioned the defendant about the abusive language he was using. We are unable to see how it can be argued that such conduct did not describe a loud, boisterous and unseemly disturbance to the annoyance of peaceable residents, as well as to the persons near a public highway. There was no occasion for placing upon the record the precise vile language that was used; the defendant was present at the hearing and if he desired to have the prosecutor state what the language was, he might have done so, and probably did. The record also shows that it was of such a character that it was necessary for the constable to interfere. If the witness had testified that it did actually annoy the people it would have added little to the facts. A fair inference may be drawn as to such annoyance from the facts stated on the record.

The justice of the peace then found the defendant guilty of disorderly conduct, a generic term given a specific meaning by The Penal Code. The defendant would have no difficulty in showing, if he were prosecuted for the same offense another time, just what it was that he was charged with and of what offense he was found guilty in this proceeding. We deem the testimony sufficient to support the charge; in fact, it shows a typical case of disorderly conduct.

Neither do we find any merit in the fact that the justice of the peace did not make specific findings as to the exact facts which he found to be true. He stated the facts and then found the defendant guilty, which implied that he believed the testimony, and imposed a fine. We find no abuse of due process because defendant

was not properly arraigned. The record discloses that the information was read to the defendant and to that charge he plead not guilty. Counsel has referred us to no authorities that would indicate that this was not sufficient in that respect in the case of a summary conviction for disorderly conduct.

The order of the court below is affirmed.