## Commonwealth v. Crossley

*Paul Reeder*, District Attorney, for Commonwealth.

*Daniel F. Knittle*, for defendant.

WILLIAMS, P. J., October 15, 1962.—Defendant has waived a hearing before the magistrate in this automobile case, and we have heard the matter. Before hearing the witnesses, defendant moved to quash the

information giving as his reason that the information is too vague and indefinite in that it does not state that Maynard Street is a two-way street of sufficient width for a vehicle to drive upon the right half of the street.

The information charges defendant with violation of section 1004 of The Vehicle Code in that he did "unlawfully while traveling South on Maynard Street was driving on the left side of the highway and in so doing struck an oncoming vehicle . . . Contrary to the provisions of the Act of Assembly, as set forth in Sub Section . . . Section 1004, Article . . . of the Act approved May 1, 1929, and amendments thereto."

Section 1004 of the Act of April 29, 1959, P. L. 58, as amended by the Act of June 21, 1961, P. L. 490, 75 PS §1004, reads as follows:

"Upon all highways of sufficient width, except upon oneway streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway or unless the proper authorities have designated a different part of the highway as the proper lane of travel, and except when overtaking and passing another vehicle, subject to the limitations applicable in overtaking and passing set forth in this act: Provided, however, That the provisions of this section shall not apply to ridden animals of the National Guard or of the Regular Army of the United States of America when actually engaged in training or maneuvers. The provisions of this section shall apply to multiple lane divided highways."

Defendant contends judges in the following cases agree with his position: Commonwealth v. Johnston, 29 D. & C. 662; Commonwealth v. Warner, 3 D. & C. 2d 497; Commonwealth v. Ide, 20 D. & C. 2d 358. In the Johnston case, defendant was charged with failing to drive and keep on the right side of the center of the

highway; in the Warner case, defendant was charged with driving on the left center of the highway, and in the Ide case, defendant was charged with failing to properly drive on the right half side of the highway. In each instant the information was quashed. In the Johnston case, it was ruled that exceptions as noted in the act should be outlined in the information and that it should be alleged that the highway was of sufficient width. The rulings in the two other cases are similar.

We cannot agree with these rulings.

To meet the requirement of the three cases cited by defendant, it would be necessary for the policeman, through the magistrate, to write in the information that it was practicable to travel on the right-hand side of the highway; that defendant was not overtaking and passing another automobile; that the proper authorities had not designated a different part of the highway as the proper lane of travel; that defendant was not on duty with the National Guard or the Regular Army when engaged in training or maneuvers, and that the highway was not a multiple lane divided highway. Such a requirement for informations would tax the mental ability of some policemen, of some magistrates. There would also be a miscarriage of justice in many instances.

The purpose of a preliminary written charge and hearing before a justice is to inform defendant as to the offense with which he is charged. The offense may be described by employing generic terms or in words by which the crime is designated in the common language of the people. If defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient: Commonwealth ex rel. Jenkins v. Costello, 141 Pa. Superior Ct. 183; Commonwealth v. Ginsberg, 143 Pa. Superior Ct. 317; Commonwealth v. Grego, 116 Pa. Superior Ct. 295.

In the instant case, defendant is charged with traveling south on Maynard Street and driving on the left side of the highway in violation of section 1004 of The Vehicle Code. Defendant, his lawyer, the judge and every other person in the community knows that prominent Maynard Street is a two-way street and sufficiently wide for two-way traffic. Defendant has been sufficiently apprised of the charge. He chose not to have a preliminary hearing. If he comes within any of the exceptions, he can defend on those grounds. It is to be presumed that the policemen would not have signed the information had defendant been within the exceptions of the act. We are of the opinion that the complaint is sufficient.

### Order of Court

And now, October 15, 1962, defendant is found guilty. The sentence of the court is that defendant shall pay a fine of $10 and costs of prosecution. The said fine to go to the Department of Revenue, Commonwealth of Pennsylvania.