## Sullivan v. Lansdowne Borough

*Albert W. Sheppard, Jr.,* and *Gerald J. St. John,* for plaintiffs.

*Joseph R. Young, Jr., for defendant.*

DIGGINS, J., March 12, 1970.—Plaintiffs, three taxpayers of the Borough of Lansdowne, commenced the instant action in equity against the Borough of Lansdowne and its tax collector. In essence, the controversy concerns the propriety and validity of two ordinances of defendant borough relating to sewer rentals for the year 1969, and the borough's 1969 budget, adopted in December 1968, as it related to the

collection and expenditure of funds for sewage disposal. The matter was heard by the chancellor on December 5 and 19, 1969. Thereafter, on January 27, 1970, the chancellor filed a decree nisi, adverse to plaintiffs, together with an order, which provided, inter alia, that in the event that exceptions were timely filed to the decree nisi, then an adjudication together with findings of fact and conclusions of law would be filed in support thereof. Plaintiffs have filed exceptions to the aforesaid decree nisi; hence, this adjudication.

## FINDINGS OF FACT

1. The Borough of Lansdowne, together with other municipalities, is a member of the Darby Creek Joint Authority, and by virtue of written agreements, is obligated to pay its share of costs and expenses incurred for the treatment and disposal of sewage originating in defendant borough to the said Darby Creek Joint Authority.

2. At a special meeting held on December 3, 1968, the council of defendant borough presented and adopted a proposed budget, subject to revision, for the fiscal year 1969, which estimated receipts and expenditures in the sum of approximately $515,300, same including therein an estimated receipt and expenditure for sewage disposal in the approximate sum of $28,300, representing the contractual obligation of defendant borough to the Darby Creek Joint Authority.

3. The aforesaid proposed budget was duly advertised and made available for public inspection, during which time it was apparently determined by the council of defendant borough that a sewer rental would be required pursuant to an ordinance or ordinances to be enacted because of the statutory limitations on general fund tax millage.

4. At a regular public meeting held on December 17, 1968, the aforesaid proposed budget was revised, inter alia, by the deletion of the sum of $28,300 from both estimated receipts and expenditures, it being anticipated that said sum would be paid from the revenues to be derived from sewer rentals, and the said budget, as revised, was then adopted.

5. At the aforesaid regular public meeting, the matter of sewer rental and the basis for billing or charging therefor was discussed.

6. On May 6, 1969, and May 20, 1969, the council of defendant borough enacted ordinances nos. 869 and 871, respectively, which provided for the imposition and collection of an annual sewer rental charge, commencing with the year 1969, and fixing the charge thereof at $36,214, the charge for each property to be based on estimated water consumption.

7. No appeal was taken from the enactment of the aforesaid ordinances as provided by The Borough Code, February 1, 1966, P. L. (1965) 1656, as amended, 53 PS §46010.

8. Three quarterly payments of $7,057.84 each were paid to the Darby Creek Joint Authority as an advance from the general fund of defendant borough in anticipation of the sewer rentals for 1969 to be received pursuant to the said ordinances.

9. Defendant borough had collected the approximate sum of $22,400, as of the date of the first hearing held on December 5, 1969, on account of sewer rentals for the year 1969 pursuant to the aforesaid ordinances.

10. On November 14, 1969, plaintiffs commenced the instant action in equity and requested this court, inter alia:

(a) To declare ordinances Nos. 869 and 871 unlawful;

(b) To declare that the budget adopted on December 17, 1968, was in violation of the provisions of The Borough Code as it related to the subject matter hereof;

(c) To declare that the funds advanced from the general fund for sewage disposal purposes were unlawfully expended;

(d) To enjoin the defendant borough from expending sewer rentals which have been collected or, in the alternative, from expending the said funds for any purpose other than sewage disposal; and

(e) To compel defendants to replace the funds expended from the general fund.

11. The matter was heard initially on December 5, 1969, and, inter alia, the matter was continued until December 19, 1969, with the understanding that defendant borough would modify its 1969 budget to include therein the receipts from sewer rentals and the expenditures to the Darby Creek Joint Authority and other proper expenditures chargeable against said sewer rental, same being accomplished at the regular meeting of defendant borough on December 16, 1969.

12. The matter was concluded at a further hearing held on December 19, 1969, at which time counsel for the respective parties stipulated that no additional hearing would be required, and that the court's decision would be final just as though a preliminary and final hearing were held.

## DISCUSSION

The issues raised in the instant matter are threefold in character and are as follows:

1. Where a borough deletes, from its proposed budget, a known and valid contractual obligation for sewage disposal in reliance on a sewer rental to be established by appropriate ordinances subsequent to

the adoption of the budget, are the ordinances subsequently enacted valid?

2. Under the circumstances here present, was it mandatory that a special fund, created by sewer rentals and not by taxes, be shown in defendant Borough's budget?

3. Under the circumstances here present, was it proper for defendant borough to advance funds from the general fund to meet contractual sewer obligations where the advanced funds were to be repaid from sewer rentals to be collected and available pursuant to appropriate ordinances?

The chancellor is convinced, under the circumstances here present, that the issues must be decided adversely to plaintiffs. One of the basic considerations essential to a proper resolution of the issues concerns whether the sewer revenue receipts received pursuant to the provisions of ordinances nos. 869 and 871 were sewer rental receipts for services rendered or, in the alternative, tax receipts. It is the conclusion of the chancellor that the sewer revenues received pursuant to the subject ordinances constitute sewer rental receipts for services rendered and not tax receipts. See, inter alia, Pennsylvania Law Encyclopedia, Municipal Corporations, §483, 26 P. L. Encyc. 163-64, and cases cited therein; North East Borough Appeal, 191 Pa. Superior Ct. 532, and cases cited therein. In addition, the subject ordinances were enacted in accordance with the provisions of the Act of July 18, 1935, P. L. 1286, secs. 1, 2 and 3, as amended, 53 PS §§2231, 2232 and 2233, which provide, inter alia, that a borough may enter into a contract with an authority for sewer treatment services and the imposition and collection of sewer rentals by ordinance or resolution as provided therein. Further, the said Act contains *no* time limitation relative to the adoption

of the ordinance or resolution imposing the sewer rental. Nor, significantly, was any appeal taken from the enactment of the subject ordinances as provided by the amendment to The Borough Code of October 9, 1967 (Act no. 181) sec. 1, 53 PS §46010, which requires that complaint as to the legality of any ordinance, or resolution, may be made by any aggrieved person within 30 days of the enactment thereof. Accordingly, it is the opinion of the chancellor that the subject ordinances are valid and, therefore, enforceable.

Having established the character of the revenue receipts and the validity of the subject ordinances, attention must be focused upon the budgetary procedures followed by defendant borough. Initially, the council of the borough adopted a proposed budget, subject to revision, which, in fact, estimated receipts and expenditures for sewage disposal in the approximate sum of $28,300, representing the contractual obligation of defendant borough to the Darby Creek Joint Authority. This proposed budget was duly advertised and made available for public inspection. Subsequently, at a public meeting held on December 17, 1968, the proposed budget was revised, inter alia, by deleting therefrom both estimated sewer receipts and expenditures. It was then anticipated that the estimated sewer expenditure would be paid from income to be derived from appropriate ordinances to be adopted. At the said meeting, the matter of sewer rental and the basis for the billing or charge therefor was publicly discussed. Accordingly, the proposed budget, as revised, was adopted. Subsequently, in May of 1969, the aforesaid subject ordinances were enacted.

Plaintiffs contend that the applicable budget provisions of The Borough Code of May 4, 1927, P. L. 519, sec. 1, et seq., 53 PS §§46307-46311, inclusive, are

mandatory and required that defendant borough include in its budget the estimated sewer revenues and expenditures. Based on this premise, plaintiffs contend that the subsequent enactment of the subject ordinances was unlawful, since this was equivalent to an illegal modification of the budget. In support of this contention, plaintiffs cite, inter alia, Mastrangelo v. Buckley, 433 Pa. 352; Rose Township v. Hollobaugh, 179 Pa. Superior Ct. 284; Orleans Appeal, 11 D. & C. 2d 193; Kistler v. Carbon County, 154 Pa. Superior Ct. 299, and Treaster v. Union Township, 430 Pa. 223. An analysis of these authorities, however, discloses that they are legally or factually distinguishable from the instant case or were concerned with *tax* enactments adopted subsequent to passage of the budget involved. The instant case, on the other hand, is not concerned with tax revenue; rather, as aforesaid, the charges are for sewer services rendered. Accordingly, the aforesaid authorities do not control nor govern the instant case.

Nor is the chancellor convinced, under these circumstances, that it was mandatory to include the estimated sewer receipts and expenditures in the budget finally adopted. In this regard, it is to be noted that section 2 of the Act of 1935, supra, 53 PS §2232, requires the establishment of a separate or special fund for sewer revenue receipts and provides for the disposition of unused surplus from any preceding year. Obviously, better practice would indicate that the "wash" transaction, showing the receipts which would create the special fund and the corresponding contractual expenditure, should have been included in the budget; however, this technical deficiency is not, in the opinion of the chancellor, fatal under the instant circumstances. In essence, defendant borough deleted from its budget a known, valid obligation for

contractual sewage disposal services to be paid from a prospective sewer rental (special) fund. The anticipated source of revenue was publicly announced at the time of the budget's adoption. To hold that sewer rentals may not be collected for the year 1969 or that the revenue collected in that year may not be used to make payment of a known, valid obligation would do greater violence to the tax structure of the borough than the technical failure to include the "wash" transaction in the budget form. Moreover, defendant borough did attempt to modify its budget, subsequent to the institution of the instant action, with the intent to cure this technical deficiency. The Borough Code, supra, section 1312, 53 PS §46312, provides:

"The council in its reasonable discretion may, in any year, by motion, modify the budget after its final adoption. New appropriations, supplementary appropriations and transfers from one appropriation to another may be made during the fiscal year, either before or after the expenditure is authorized or ratified after the expenditure is made, provided it is within the current year's revenues, or the money therefor promptly made available through borrowing as allowed by law."

Therefore, the chancellor concludes, for the reasons hereinabove stated, that the first and second issues must be decided adversely to plaintiff.

As to the third issue, i. e., the propriety of the borough's action in advancing moneys from the general fund to meet its contractual sewer obligations with the intention of replenishing the general fund from sewer rentals to be collected and available from the sewer rental ordinances, much of what has already been stated is applicable. Factually, three quarterly payments of $7,057.84 each were paid to the Darby Creek Joint Authority as an advance from the general fund of the borough in anticipation of the 1969 sewer

rentals. As of December 5, 1969, the borough had collected the approximate sum of $22,400.00 on account of sewer rentals pursuant to the subject ordinances. Plaintiffs contend (a) that no advance could properly have been made from the general fund, and (b) that 1969 sewer rental receipts cannot be utilized to replenish the funds advanced from the general fund, which had been used for sewer purposes. Clearly, moneys collected and held in a special fund for a special purpose cannot normally be loaned or advanced to the general fund. However, in In re Auditors of Cumru Township, 112 Pa. Superior Ct. 559, the court permitted the payment of a bill from the road or general fund pending receipt of taxes in the special lighting fund, at which time the advancement would be repaid. The circumstances here present are analogous and militate against plaintiffs' contentions. The chancellor perceives no impropriety in this regard.

In conclusion, the circumstances here present involve a somewhat unique situation. Although there is some merit to the highly technical contentions of plaintiffs, the chancellor is of the opinion, on the other hand, that (a) the council acted in good faith, (b) there is no evidence of waste or extravagance, and (c) there is no intimation that the contractual obligations of the borough were illegal or improper. Yet, if plaintiffs were to prevail in the instant case, a deficit would be created for the year 1969 which might necessitate an increase in the 1970 real estate tax levy, or new or special taxes, or the issuance of bonds, or a surcharge on the members of council. These alternatives, considering the technical deficiency hereinabove discussed, are unacceptable to the chancellor and would represent an inequitable result, especially in view of the fact that the taxpayers of defendant borough, during the interim, have continued to benefit from the disposal of their sewage.

## CONCLUSIONS OF LAW

1. Ordinances nos. 869 and 871 of defendant borough are valid and enforceable.

2. The sewer revenues received pursuant to the provisions of the said ordinances constitute sewer rental receipts for services rendered as distinguished from taxes.

3. The 1969 budget of defendant borough, as adopted, is valid, the technical deficiency pertaining to sewer revenue receipts and expenditures being nonfatal under the circumstances here present.

4. Defendant tax collector, Clarence W. Fox, should be authorized and directed to transfer the sewer revenues collected, pursuant to the aforesaid ordinances nos. 869 and 871, to defendant borough and, in addition, the said defendant borough should be authorized to reimburse its general fund to the extent of the sums advanced from the said general fund of defendant borough during the year 1969 for sewage disposal purposes.

Therefore, since our original order dismissed the complaint in equity by a decree nisi, which provided that if no exceptions were filed within 20 days after service of such notice, the said decree nisi would become a final decree, and the chancellor further stated that in the event that exceptions to the said decree nisi were timely filed, then an adjudication, together with findings of facts and conclusions of law, would be filed in support of the decree nisi, the foregoing are, therefore, the findings of fact and conclusions of law upon which the chancellor based his decree nisi and the parties are privileged to proceed as they would have had the full adjudication by the chancellor been filed at the time the decree nisi was entered.