**Commonwealth v. Yourga**

*Joseph J. Nelson*, District Attorney, for Commonwealth.

*Anthony Perfilio*, for defendant.

STRANAHAN, P. J., September 19, 1972.—This matter is before the court on an appeal from the conviction of defendant, John Yourga, for violating an ordinance in the Borough of West Middlesex, Pa. The ordinance deals with disorderly conduct. There are a number of matters raised on appeal but this court desires to focus its attention on the question of whether or not the actions of defendant constituted a violation of the disorderly conduct ordinance.

The facts in this case would indicate that the West Middlesex police received a call at about 5:30 a.m. on February 20, 1972, directing that they go to the residence of David McConnell of 99 Haywood Street, West Middlesex. It was necessary that McConnells call the police because various persons were operating snowmobiles on the McConnell property and the adjacent property from 8:30 p.m. until 5:30 a.m. during which time the McConnells and their children, ages seven, six and three had been kept awake. There were four snowmobile operators and included among them was defendant, John Yourga. It appeared that Mr. McConnell had given permission for the snowmobilers to drive across his property but about midnight he had asked them to stop. However, the snowmobiling continued in the area until 5:15 a.m. at which time Mr. McConnell called the police. At 5:30 a.m. McConnell stopped the snowmobilers in his driveway.

The question involved here is whether the act of operating a snowmobile during the night time is disorderly conduct when the snowmobile creates sufficient noise that it is offensive to a family living in the area.

The ordinance in West Middlesex is somewhat similar to the statute dealing with disorderly conduct that is found in the Act of June 24, 1939, P. L. 872, sec. 406, 18 PS §4406. The similarity between the statute and the ordinance is such that many of the cases interpreting the statute dealing with disorderly conduct are applicable to the West Middlesex ordinance.

The Ordinance No. 262, Section 1, provides:

"It shall be unlawful and shall constitute disorderly conduct for any person willfully: (a) To make a loud boisterous, or unseemly noise or disturbance, or to use violent, profane, blasphemous, indecent or immoral language upon or near any public place within the Borough or in a manner so as to annoy residents in the neighborhood, or to cause annoyance by any disturbance or breach of the peace to the peaceable residence nearby."

There is no question that defendant, John Yourga, is guilty of being inconsiderate and certainly exercised poor judgment when he was asked by the McConnell family to refrain from annoying the children while they were trying to sleep during the night. However, lack of consideration or judgment is not violation of the law and therefore is immaterial under these circumstances.

There is a tendency in reading the cases to use a disorderly conduct statute of the type involved here for purposes beyond the intent of disorderly conduct. Disorderly conduct statute is not an anti-noise statute nor is it a statute aimed at arresting trespassers nor is it intended to be a curfew. It is, on the contrary, a statute that has been enacted by many of the States in the Union for a specific purpose. In Commonwealth v. Greene, 410 Pa. 111 at page 115, the court states:

"The cardinal feature of the crime of disorderly conduct is public unruliness which can or does lead

to tumult and disorder. Engaging in clamor and outcry in the public streets in a manner which arouses attention and causes people to draw together, whereby the highway may be obstructed, is the classic example of disorderly conduct."

A typical case which illustrates disorderly conduct is Commonwealth ex rel. Jenkins v. Costello, 141 Pa. Superior Ct. 183. In this case defendant pulled his car around so as to block the passage of another motorist, jumped out of his car, ran over to the other motorist and threatened to strike him in the nose, at the same time making loud vile threats thereby attracting many persons to the area. This type of conduct amounts to disorderly conduct for it created a "loud, boisterous and unseemly noise or disturbance" to the annoyance of the peaceful residents as well as the persons near the public highway.

In making an effort to apply the West Middlesex Ordinance to the present situation it would appear that there are three sets of circumstances that constitute a violation of the ordinance. These circumstances are as follows:

(a) To make a loud, boisterous, and unseemly noise or disturbance.

(b) To use violent, profane, blasphemous, indecent or immoral language upon or near any public place within the borough or in a manner so as to disturb residents in the neighborhood.

(c) To cause annoyance by any disturbance or any breach of the peace to the peaceable residents nearby.

It is obvious that if defendant is guilty of anything it must be either (a) or (c) above because situation (b) has no application to the facts as developed in this case.

By dissecting the ordinance into three parts it is now necessary to determine whether the first part is applic-

able to defendant. The question then is did this defendant make a loud, boisterous or unseemly noise or disturbance. There is no question that he made a loud or boisterous noise since snowmobiles are somewhat noisy in their operation. However, mere loud and boisterous noises cannot in this day and age be the basis of a criminal conviction. It is necessary that the third element be present and that is the noise must be "unseemly."

In Commonwealth v. Greene, supra, the court says page 113:

"Something is unseemly when it is not fitting or proper in respect to the conventional standards of organized society or a legally constituted community." While we realize that the operation of a snowmobile at 5:30 in the morning is a bit unusual, yet we do not think that it is unseemly because in our modern society the making of a noise by a machine is certainly an acceptable, if not a regrettable, part of our daily life. If this court were to hold that the operation of a noisy snowmobile even though its operation occurred at 5:30 in the morning, was disorderly conduct, then this court would be in a position where it would be required to hold that a noisy automobile driven early in the morning by someone for pleasure was an instrument creating a disorderly conduct situation. If that were so then a multitude of situations could follow and the disorderly conduct statute would be expanded into an anti-noise statute which certainly is not its intent and purpose.

We are not saying that the annoyed party in this case is without a remedy. Possibly defendant was guilty of a technical trespass or it is certainly within the realm of possibility that the Borough of West Middlesex could, within its police powers, enact an ordinance prohibiting snowmobiling within certain

hours. This type of ordinance would be specifically aimed at the situation that we have here.

In the present case, Mr. Yourga was not acting illegally nor was he endeavoring to create a disturbance of the type that appears in Commonwealth v. Cooper, 95 Pa. Superior Ct. 382, where defendants opened the windows and shouted into the streets abusing and reviling the Mayor of Philadelphia and other public officials thereby attracting a crowd that walked the streets and created a certain amount of turmoil. This type of conduct is "unseemly" in nature.

The final situation under the ordinance deals with whether or not defendant caused an annoyance by any disturbance or breach of the peace to the peaceable residents nearby.

In Commonwealth v. Greene, supra, at page 118, the court discusses the very problem that we face here. It points out that a railroad locomotive may be operated through a central section of a community in such a manner that it causes an annoyance or disturbance but it does not break the public peace as the term is intended to be used in the ordinance. The court states: "This mechanical monster certainly annoys the peaceable residents nearby, but it does not break the public peace, because peace is shattered only by acts of belligerency or disorder."

Defendant in this case was neither disorderly nor belligerent. As we have previously said his acts were not considerate in nature but there is no indication that in this particular case defendant was conducting himself in either a belligerent or disorderly manner. Such being the case we conclude that this section of the statute is not applicable.

This is a changing world as everyone knows and the forms of recreation used by people to entertain

themselves often times require that the peacefulness of our communities be disturbed. For example it is easy to recollect the day when Sunday was considered to be a day of peace and quiet when families visited friends and read the Sunday paper on the back porch after coming home from church. Today, Sunday no longer occupies that status but rather the air is filled with the noise of power lawn mowers being used and motor boats and motorcycles being revved up for an afternoon of recreation. As the method of living changes so the laws must change and it is certainly more effective to create new ordinances where they are necessary rather than try to expand the old ordinances to fit the situation. It seems to this court that situation exists here because police are endeavoring to cure a modern problem with an ordinance that is aimed at the situation where a belligerent defendant decides that he will stand in the middle of the street yelling obscenities and attracting attention. This is disorderly conduct rather than the noise caused by a finely tuned snowmobile.

We would suggest to defendant that he be more considerate in his activities and we would suggest to the Borough of West Middlesex that if the problem is sufficiently serious new ordinances be enacted to curtail the use of snowmobiles under the police powers of the borough. Meanwhile, we believe that his defendant is not guilty under the facts as we have them.

## ORDER

And now, September 19, 1972, we find defendant not guilty, and place the costs on the County of Mercer.