## Commonwealth v. Ott

Before Shughart, P. J. and Weidner, J.

*Kevin A. Hess*, Assistant District Attorney, for Commonwealth.

*John McCrea, 3rd*, for defendant.

WEIDNER, J., June 25, 1973.—Defendant, Richard Leroy Ott, petitioned the court for a writ of certiorari, alleging errors in the summary proceeding at which he was convicted of a violation of the Game Law of June 3, 1937, P. L. 1225, art. VIII, sec. 802, as amended, 34 PS §1311.802. Certiorari was granted, and oral argument presented.

The summary trial record indicates that on July 29, 1972, Game Protector James R. Beard found Ott and a female companion parked in a field on land owned by Joan Burns. Beard filed a criminal complaint which was served on Ott, charging him with a violation of

section 802 of the Game Law. Specifically, Ott was charged with driving a motor vehicle on a cleared field on lands open to public hunting without permission of the owner.

Hearings were held before District Justice Casner on three occasions at which both Beard and Burns testified for the Commonwealth. On September 11, 1972, Ott was found guilty and sentenced to pay a fine and costs. Defendant prays that the conviction be reversed, alleging the following: (1) No evidence was offered that the land in question was open to hunting or trapping at the time of the violation; (2) no evidence was offered at trial that defendant at any time drove a motor vehicle on the land in question; (3) no evidence was offered that the land in question was a "cleared field" within the meaning of the statute; (4) the complaint failed to aver the specific subsection of section 802 of the Game Law violated by defendant in violation of Pennsylvania Rule of Criminal Procedure 104.

Defendant's first exception is clearly without merit. The trial record indicates that Joan Burns testified that the land in question was open to public hunting, and that James Beard named several types of animals which could be hunted at that time of the year. This evidence is sufficient to support a finding that the land in question was open to hunting when the violation occurred.

In regard to the second exception, Beard's testimony indicates that he saw a vehicle parked in the middle of the field, approached the vehicle and questioned the occupants. The game protector stated that he determined Ott, an occupant in the vehicle, to be the owner and operator of the vehicle. Although Beard did not actually see the vehicle being driven, the fact that the vehicle was situated in the field supports the logical

inference that Ott had driven it to that location. The facts testified to by Beard, when combined with the inference, are circumstantial evidence upon which the district justice, as trier of fact, could base a finding that Ott did drive the vehicle onto the field. See Commonwealth v. Karmendi, 328 Pa. 321 (1937); Commonwealth v. McNair, 208 Pa. Superior Ct. 369 (1966); Commonwealth ex rel. Jenkins v. Costello, 141 Pa. Superior Ct. 183 (1940).

Defendant also contends that the record does not show that the "field" in question is a "cleared field" within the meaning of section 802. Although Pennsylvania penal provisions are to be strictly construed, Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558, they are also " 'presumed to employ words in their popular and plain everyday sense . . . unless the statute defines them otherwise . . .' ": Treaster v. Union Township, 430 Pa. 223, 229 (1968), quoting Harris-Walsh, Inc. v. Dickson City Borough, 420 Pa. 259, 271 (1966). Accordingly, Webster's New Twentieth Century Dictionary defines "field" as "a piece of *cleared* land, set off or enclosed, for tillage or pasture . . ." (Italics supplied.) This definition certainly reflects the common usage of the word. It is apparent, therefore, that the word "cleared," as it precedes "field" in the statute, is of no particular significance, there being no discernible difference between a "field" and a "cleared field." Consequently, Beard's testimony that the car was parked 30 yards into a field is a sufficient description to identify the land in question as a "cleared field" within the intent of the statute.

Finally, defendant contends that the complaint was deficient because it did not set forth the specific subsection of section 802 which he allegedly violated, as required by Pennsylvania Rule of Criminal Procedure 104(6)(b). While we feel that in order to provide a

sensible and simple method of compliance with Rule 104, any numerically or alphabetically designated division of a section of a statute should be treated as a subsection and be listed specifically upon a complaint; we do not believe the failure to do so necessarily constitutes a reversible error.

The complaint in this case did not list the violation as subsection (ii) of section 802, but it did provide a succinct description of the act committed, which coincided with the wording of the statute and thus referred defendant directly to subsection (ii). As stated in the similar case of Commonwealth v. Eshelman, 94 Dauph. 368 (1972), at pages 372-73:

"We cannot see that the interests of justice would be served for the defendant or for society by ruling that the obvious error which occurred in this complaint must result in defendant's acquittal because of the wording of Rule 104(6)(b). We believe that the requirement of Rule 104 concerning the citation of the specific section and subsection is a proper one and should be complied with, but we also believe that its application must be viewed in connection with the aim sought to be achieved by the Rule. The purpose of the Rule, of course, is not merely to cite the law for the defendant. Its purpose is to notify the defendant of the offense with which he is charged by reciting the facts of the violation as well as to inform him of the law involved in the facts."

In the instant case, the complaint indicated the proper section of the act under which Ott was charged and the description of the act committed. Further, only a reading of section 802 in its entirety could fully inform defendant of the nature of the violation with which he was charged and the possible penalty which might result. Although there was not a strict compli-

ance with Rule 104, the complaint provided defendant with all the facts surrounding the violation and the applicable law, and we fail to see how any confusion or prejudice could have resulted.

## ORDER OF COURT

And now, June 25, 1973, for the reasons set forth above, the exceptions to the record of justice of the peace are dismissed and the conviction of defendant is affirmed; costs to be paid by defendant.