583 A.2d 68

**FRANKLIN TOWNSHIP, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1990.

Decided Nov. 30, 1990.

George M. Schroeck, Schroeck & Segel, P.C., Erie, for petitioner.

L. Jane Charlton, with her, Michael D. Buchwach and David Gallogly, Pittsburgh, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, PELLEGRINI, KELLEY and BYER, JJ.

COLINS, Judge.

Franklin Township (Township) appeals an order of the Environmental Hearing Board (Board) granting the Department of Environmental Resources a summary judgment and dismissing the Township's appeal concerning the issue of whether the Township must abide by the licensing and permitting sections of the Noncoal Surface Mining Conservation and Reclamation Act (Noncoal Act), Act of December 19, 1984, P.L. 1093, *as amended,* 52 P.S. §§ 3301–3326. The Board held that the Noncoal Act applies to the Township and required that the Township apply for a license and permit to operate its gravel pit. We affirm.

The facts in this case are not in dispute. The Township operates a gravel pit and uses some of the gravel for its own non-commercial purposes and sells some of the gravel to the Pennsylvania Department of Transportation (DOT), pursuant to a written agreement. Section 5(a) of the Noncoal Act asserts that "[n]o person shall conduct a surface mining operation unless the person has first applied for and obtained a license." 52 P.S. § 3305(a). Additionally, Section 7 requires that a person obtain a mining permit as well.[1] In the definitional part of the Noncoal Act, Section 3, the legislature specifically stated that a municipality can be considered a "person" for purposes of the Noncoal Act.[2] Furthermore, Section 3 states that a municipality can be considered a mining "operator" for the purpose of the Noncoal Act. However, Section 3 excluded from the definition of surface mining, the extraction of minerals by a landowner for his own non-commercial use. Additionally, this section excludes the extraction of gravel from borrow pits [3] for DOT highway construction purposes.

---

**1.** 52 P.S. § 3307.

**2.** 52 P.S. § 3303.

**3.** A "borrow pit" is an area from which materials are borrowed during highway construction to provide for fills where necessary to build up the centerline contour of a road. Borrow pits are usually used where the "cuts" and "fills" on a construction job do not balance. *Franklin Township v. Department of Environmental Resources,* EHB Docket No. 85, April 4, 1990.

■ Our standard of review is limited to determining whether the Board committed an error of law, violated constitutional rights or made findings of fact which are not supported by substantial evidence. *Mathies Coal Company v. Department of Environmental Resources*, 522 Pa. 7, 559 A.2d 506 (1989). The plain meaning of the words [4] in Section 3 dictates that the Township is subject to the provisions of the Noncoal Act. The statutory definitions of the words "person" and "operator" both include municipalities and, in turn, the definition of municipality includes a "township." Hence, the Township is incorrect in asserting that the legislature did not intend to subject it to the provisions of the Noncoal Act.

■ Secondly, the Township argues that they used the gravel pit solely for their own non-commercial uses. Therefore, the Township argues that the first Section 3 exception applies. However, the contract between DOT and the Township clearly indicates that the Township sold the gravel to DOT for consideration on a regular basis. Thus, the Township's argument that their gravel operation was for their own noncommercial use is without merit.

The Board correctly held that the Township did not operate a borrow pit and the parties in this litigation do not dispute this finding.

Therefore, we affirm the decision of the Board, holding the Township subject to the license and permit requirements of the Noncoal Act.

## ORDER

AND NOW, this 30th day of November, 1990, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.

4. Statutes are presumed to employ words in their popular and plain everyday sense. *Treaster v. Union Township*, 430 Pa. 223, 242 A.2d 252 (1968).