## Collins v. Collins

C.P. of Delaware County, no. F-000-3580-1992.

*Gail M. Whitaker,* for plaintiff.
*Clinton Johnson,* for defendant.

JENKINS, *J.,* February 14, 1995—This case involves a complaint for support filed by appellee/son against appellant/father pursuant to 23 Pa.C.S. §4327. The relevant portion of the statute reads as follows:

"(a) *General rule*—Where applicable under this section, the court may order either or both parents who are separated, divorced, unmarried or otherwise subject to an existing support obligation to provide equitably for educational costs of their child whether an application for the support is made before or after the child has reached 18 years of age."

Son is a full-time student at Kutztown University with a 3.0 average. He is 20 years old. When he began his education, he and his mother paid almost the full cost of his freshman year. His mother died during the first semester of his sophomore year. As a consequence, his grades dropped for a short time but with the aid of summer courses he stabilized as a solid 3.0 student.

After his mother's death, son began this support action against father. While attempting to secure financial assistance from his father, son managed to remain in school by securing various grants and scholarships, by utilizing his own resources, and by persuading appropriate personnel at Kutztown to permit him to sign personal notes for the balance of his obligation.

The action against father culminated in the court's entry of an award against him on December 12, 1994

in the amount of 50 percent of son's educational costs, following a deduction for grants and scholarships received. Father filed a timely notice of appeal, thus necessitating this opinion.

Father's complaints on appeal are limited, and although two in number, are essentially identical. Both dispute this court's finding in paragraph 1 of its order which reads as follows:

"(1) Respondent is an individual who is unmarried or otherwise subject to an existing support obligation to contribute to the educational costs of petitioner."

First, father complains that he is not "unmarried or otherwise subject to an existing support obligation to contribute to the educational costs of the plaintiff/appellee." (Appellant's 1925(b) statement.)[1] He argues that he is a widower and that he is not an "unmarried" individual within the meaning of 23 Pa.C.S. §4327(a) requiring parents who are "separated, divorced, unmarried or otherwise subject to an existing support obligation to provide equitably for educational costs of their child. . . ." He correctly notes that, at the conclusion of son's case, son had neglected to state that his parents were separated at the time of his mother's death. It was agreed that they were not divorced, and

---

1. This matter also came before the Superior Court in 1993 after the court of common pleas entered an earlier support order in favor of son. At that time, father did not dispute that he was "unmarried" within the meaning of the relevant statute. Father complained generally that the educational support order was unlawful because father failed to meet the criteria which would bring him under the jurisdiction of the act, but nowhere in his 1925(b) statement or in his brief to the Superior Court did he argue that he was not "unmarried" within the meaning of the statute. Father has therefore perhaps waived his right to raise this issue at all, but nevertheless this court will address it.

that father and son were estranged and living apart.[2] Likewise, at the conclusion of father's case, father had never stated that he was *not* separated from mother.

To ascertain the meaning of any term, there is a hierarchy of sources: first, the definition section of the statute in which the terms appears; second, the definition section of the Statutory Construction Act; third, a legal dictionary; and fourth, a standard dictionary. *Matthews v. Konieczny,* 515 Pa. 106, 115-16, 527 A.2d 508, 513 (1987).

The relevant statute does not define "unmarried."

The Statutory Construction Act, codified at 1 Pa.C.S. §1501 et seq. defines many words and phrases, but "unmarried" is not among them. The Act does provide, at section 533, that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage; . . ." 1 Pa.C.S. §1533. A statute is presumed to employ words in their popular and plain sense, and the popular meanings to the words prevail. *Treaster v. Union Township,* 430 Pa. 223, 229, 242 A.2d 252, 255 (1968). Thus, although the Act does not specifically define "unmarried" it provides guidance in the interpretation.

Black's Law Dictionary defines "unmarried" as follows:

"Its primary meaning is never having been married; *but it is a word of flexible meaning and it may be construed as not having a husband or wife at the time in question; e.g. widow or widower or divorcee.* "Black's Law Dictionary 1537, (6th ed. 1990). (emphasis added)

---

2. Although it was admitted that father and son are estranged, there is nothing in the record to indicate that the estrangement was either caused by the student or that it occurred after the student attained the age of majority. *(Collins v. Collins,* 439 Pa. Super. 663, 653 A.2d 1296 (1994), appellant's brief at pp. 3, 4.) Accordingly estrangement was not a relevant factor considered by this court pursuant to 23 Pa.C.S. §4327(e).

The legal dictionary thus provides no clear answer, but rather allows for the meanings ascribed both by this court and by appellant/father.

Finally, this court looked to a number of standard dictionaries to determine the popular meaning and common usage of the term "unmarried" and found the following:

*"unmarried . . . not married: a: not now or previously married b: DIVORCED c: WIDOWED."* Webster's Third International Dictionary 2504 (1967).

"unmarried . . . not married a: not now or previously married b: being divorced c: being widowed—unmarried." Webster's Ninth New Collegiate Dictionary 1292 (1991).

Father is clearly an unmarried individual within the popular meaning of the term "unmarried." This court therefore found him to be a parent responsible for contribution to educational costs pursuant to 23 Pa.C.S. §4327.

Father's second and final complaint is that this court erred in awarding support where the record is devoid of any evidence that appellee/son's family was not an "intact family." On the contrary, the record contains multiple unequivocal statements that the family is not an intact unit.

Initially, it should be noted that the word "intact" is not used in the relevant statute. Accordingly, it is not defined. Neither is it defined in the Statutory Construction Act or in Black's Law Dictionary. The popular meaning and common usage of the word, as determined by reference to a standard dictionary is as follows:

*"Intact* . . . 1: untouched esp. by anything that harms or diminishes: ENTIRE, UNINJURED: 2: of a living body or its parts: having no relevant component removed or destroyed . . . SYN see PERFECT." *Id.* at 628. The dictionary also supplies the words "whole," "entire" and "intact" as synonyms for one another.

Appellant's family is clearly not intact within the popular or common meaning of this term. Mrs. Collins is deceased. (N.T. 10/18/94 at p. 3.) Mr. Collins maintains his own home and is estranged from both of his children, although the record fails to disclose either the cause for the estrangement or when it occurred. *(Id.* at p. 38, *Collins v. Collins,* 439 Pa. Super. 663, 653 A.2d 1296 (1994), appellant's brief at p. 3.) The Collins family is actually the picture of a family that is *not* "intact," "whole" or "entire."

Accordingly, this court entered its order of December 12, 1994 finding father to be an unmarried individual subject to an obligation to contribute to the educational costs of his son.[3]

---

3. Because appellant/father has not complained of any other facet of the court's order, the balance of the order and the remaining findings upon which it was based have not been addressed.