## STATE *vs.* GEORGE A. ELLWOOD.

At the trial of an indictment for burglary a witness for the defendant produced two diamonds which the defendant wished submitted to the jury as very nearly corresponding to the diamonds presented in evidence by the State. The wit-

ness was not an expert and the diamonds he produced had not been shown to the witnesses for the State who testified to the identity of the diamonds alleged to have been stolen.

*Held,* that the diamonds produced were properly kept from the jury.

DEFENDANT'S petition for a new trial.

The defendant was indicted for burglary and after conviction filed this petition.

*February* 25, 1893.   PER CURIAM.   We have carefully examined the numerous exceptions taken by the defendant during the trial of this case, but we find nothing therein which entitles him to a new trial.   Only one of the rulings complained of deserves any mention.

Albert Holt, a witness called by the defendant, produced two diamonds which the defendant's counsel said he would like to submit to the jury as they "very nearly correspond to the diamonds presented by the State."   Said Holt was not an expert in diamonds, and the stones which he produced had not been shown to the witnesses for the State who had testified to the identity of those claimed to have been stolen. The court refused to permit the stones so produced to go to the jury.   We fail to see that this was error.

If the defendant wished to discredit the witnesses called by the State upon the question of the identification of the diamonds claimed to have been stolen, he should have tested their knowledge by presenting to them the diamonds claimed to be similar, for their inspection when on the witness stand, so as to have given them an opportunity to show by comparison whether they could really distinguish between those claimed to have been stolen and those offered by the defendant.   See Wharton on Criminal Evidence, 9th ed. § 808 and cases cited.

We think that to allow articles unconnected with the case produced in this way to go to the jury for their inspection, would tend to confuse rather than assist them in the determination of the question at issue; as it would be apt to induce them after retiring to their room to apply tests and conduct a process of comparison upon facts not derived from competent testimony but only discovered by themselves after

the evidence was all in. See *Smith* v. *The State*, 42 Texas, 444. Harris on the Law of Indentification, §§ 577–580.

The defendant's petition for a new trial is denied and dismissed.

*Robert W. Burbank*, Attorney General; for the State.
*Charles F. Baldwin & Edward L. Gannon*, for defendant.