## Commonwealth, Appellant, *v.* J. M. Carson et al.

*Criminal law — Felonious entry—Indictment — Information—Pleading and practice—Act of April 22, 1863.*

Under the act of April 22, 1863, § 2, P. L. 531, it is not necessary to state, in an indictment for entering a dwelling house with felonious intent, whether the offence was committed in the night time or in the day time.

An indictment charged that the defendants " willfully and feloniously did break and enter the dwelling-house of M. J. Baker, there situate, with intent the goods, chattels and property of M. J. Baker, in the said dwelling-house then and there being, then and there feloniously to steal, take and carry away," and " did then and there the goods, chattels and property above mentioned in the said dwelling house, feloniously steal, take and carry away."  *Held*, (1) that the indictment did not charge the crime of burglary at common law, as it did not show that the felonious breaking was done at night; (2) that the indictment was good under the act of April 22, 1863, P. L. 531; (3) that the fact that the commission of the felony intended was also charged in the count, did not vitiate the count; (4) that it was a good count for larceny; (5) that the use of the word " feloniously " instead of the word " maliciously " was not fatal to the count.

· In the above case the second count of the indictment charged that the defendants " did willfully and maliciously break, injure and destroy a certain window," in the dwelling house of M. J. Baker. *Held,* that there was no misjoinder of counts, since the matters charged in the second were a part of the affairs to which the first related.

The fact that the information upon which an indictment is based does not contain as full and specific a statement of the offence as the indictment, furnishes no ground for quashing the indictment.

Argued Oct. 2, 1894. Appeal, No. 50, Oct. T., 1894, by plaintiff, from order of Q. S. Clarion Co., Aug. T., 1893, No. 31, quashing indictment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Indictment for felonious breaking and entering dwelling house. Before CLARK, P. J.

From the record it appeared that the information upon which the indictment was based was as follows :

" Before me, a justice of the peace, in and for said county, personally came C. T. Baker, who being sworn in due form of law says that at the county aforesaid on January 6, 1893, one J. M. Carson, James McAbee, William Reath and Bub Gilger, did break and enter his dwelling house and did take and carry away one range, and sundry other articles of the value of one hundred dollars, the goods and property of M. J. Baker. That they did then and there in the dwelling house aforesaid, maliciously break, injure and destroy a window belonging to the said dwelling house, contrary to the form of the Act of Assembly."

The indictment was as follows :

" The grand inquest of the commonwealth of Pennsylvania, inquiring in and for the county of Clarion, upon their respective oaths and affirmations do present, that J. M. Carson, late of said county, yeoman ; James McAbee, late of said county, yeoman ; William Reath, late of said county, yeoman ; Bub Gilger, late of said county, yeoman ; on the 6th day of January, A. D., 1893, at the county aforesaid and within the jurisdiction of this court, willfully and feloniously did break and enter the dwelling house of M. J. Baker, there situate, with intent the goods, chattels and property of M. J. Baker, in the

said dwelling house then and there being, then and there feloniously to steal, take and carry away one range of the value of eight dollars; one lot of carpets of the value of five dollars; one lot of carpenter-tools of the value of ten dollars; one lot of lumber of the value of forty dollars; the goods, chattels and property of the said M. J. Baker, then and there being found, did then and there the goods, chattels and property above mentioned, in the said dwelling house, feloniously steal, take and carry away to the great damage of the said M. J. Baker, contrary to the form of the act of assembly, in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

" And the inquest aforesaid inquiring as aforesaid upon their oaths and affirmations respectively as aforesaid, do further present, that J. M. Carson, late of said county, yeoman; James McAbee, late of said county, yeoman; William Reath, late of said county, yeoman; Bub Gilger, late of said county, yeoman; on the day and year aforesaid, at the county aforesaid, and within the jurisdiction of this court, did willfully and maliciously break, injure and destroy a certain window, belonging to the dwelling house of one M. J. Baker, contrary to the form of the act of assembly in such case made and provided and against the peace and dignity of the commonwealth of Pennsylvania."

Defendants moved the court to quash the indictment for the following reasons:

" 1. The indictment in this case is fatally defective in that it does not state in what county the offences charged are alleged to have been committed.

" 2. The two counts of the indictment are repugnant in that one charges a felonious breaking of the dwelling house of M. J. Baker, and the second charges a mischievous breaking of the same dwelling on the same day. They are distinct offences, of a different nature with different punishment, and not variations of the same offence.

" 3. The first count in the indictment is not based on the information sworn to and subscribed by the prosecutor in this case, in that said count is for felonious breaking and larceny, whereas neither of said offences is charged in the information;

" 4. There is a material and fatal variance between the information and the indictment, in that the former charges the

offences, viz : the breaking and entering and breaking a window in the dwelling house of C. T. Baker, while the latter charges the said offences against the dwelling house of one M. J. Baker."

The court made the following order :

" And now, December 5, 1893, upon due consideration of the motion to quash, it appearing from the face of the indictment that the breaking and entering of the dwelling house is neither laid therein as having been done in the night time, or in the day time, the rule is made absolute as to the first count in the indictment, and the first count therein is quashed ; the rule is discharged as to the second count in the indictment."

*Error assigned* was above order.

*John W. Reed* and *Don C. Corbett*, *W. L. Corbett*, *G. G. Sloan* and *Harry R. Wilson* with them, for appellant, cited : Com. v. Tuck, 20 Pick. 356 ; Rex v. Moss, 1 R. & R. 520 ; 2 Whart., Crimes, § 1612 ; Hollister v. Com., 60 Pa. 103 ; Com. v. Hope, 22 Pick. 1 ; Josslyn v. Com., 6 Metc. 236 ; Whart. Cr. L. § 819.

*Frank R. Hindman*, *J. A. F. Hoy* with him, for appellee, cited : Act of April 22, 1863, P. L. 351 ; Rolland v. Com., 82 Pa. 306 ; Hollister v. Com., 60 Pa. 103 ; Com. v. Nicely, 130 Pa. 261 ; Act of March 31, 1860, P. L. 415 ; Henwood v. Com., 52 Pa. 424 ; Com. v. Birdsall, 69 Pa. 482 ; Staeger v. Com., 103 Pa. 469.

OPINION BY MR. JUSTICE McCOLLUM, Jan. 21, 1895 :

The defendants moved to quash the indictment, alleging in support of their motion that it was not authorized by or in conformity with the information, that it did not state in what county the offences were committed, and that the counts were repugnant. The learned court below, without expressing any opinion in regard to these objections, quashed the first count on the ground that it did not state whether the offence charged in it was committed "in the night time or in the day time," and sustained the second count. It may be inferred from this ruling that the court did not consider the objections tenable, and such an inference would accord with our conclusion based on an examination of the information and the indictment. It is manifest from the brief opinion filed that the court thought the

first count was intended to charge the crime of burglary at common law or under the 135th section of the act of March 31, 1860, P. L. 415, or the offence defined by the 2d section of the act of April 22, 1863, P. L. 531. It is clearly defective as a count for burglary because in that it must affirmatively appear that the breaking and entering with felonious intent was by night. But is it not a good count under the act of 1863? That act prescribes a penalty for breaking and entering a dwelling house in the day time, and also for willfully and maliciously entering the same with felonious intent, " either by day or by night, with or without breaking." In this case a breaking and entering with felonious intent is charged, together with the larceny of the prosecutor's goods in consummation of the purpose for which the entry was made. As we have already seen it is not material whether this offence was committed in the night time or in the day time. It is an offence under the act of 1863 and the punishment for it is prescribed by that act. It is the intent with which the entry was made and not the manner or hour of making it that is essential and controlling. We hold therefore that it is not necessary in an indictment under the act of 1863 for entering a dwelling house with felonious intent to state therein whether the offence was committed " in the night time or in the day time." The fact that the commission of the felony intended was also charged in the count that was quashed did not vitiate it. If it was deemed necessary to state therein the manner and hour of the entry the count should not have been quashed because it was obviously a good count for larceny.

In drawing an indictment under the statute it is well to use its language, but as " feloniously " includes " maliciously " the substitution of the former for the latter is not fatal to the count in which it appears. There was no misjoinder of counts because the matters charged in the second were a part of the affair to which the first related. The fact that the information did not contain as full and specific a statement of the offence as the indictment did, furnished no ground for quashing the latter or either count of it. If there was room for surprise an application for time to prepare to meet the graver charge would have been allowed.

The order quashing the first count in the indictment is re versed and a procedendo is awarded.