Commonwealth, Appellant, *v.* Grego.

Argued September 25, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Stuart A. Culbertson,* for appellant.

No appearance was entered for appellee.

OPINION BY JAMES, J., February 1, 1935:

This is an appeal from an order quashing an indictment containing one count.

The appellant was charged before an alderman upon an information which set forth that, "Joe Grego did unlawfully attempt to break and enter the building of

the J. S. Hotchkiss & Company, Wholesale Grocery, Mead Avenue, Meadville, Pa.'' upon which information a warrant was issued on February 26, 1934 and on March 2, 1934 a hearing was had at which the defendant appeared in person and by counsel. Several witnesses were sworn upon the part of the Commonwealth and after hearing the defendant was held to bail to appear at the next term of the court of quarter sessions.

Upon the transcript that was filed, an indictment was found, which charged the defendant ''with force and arms ...... wilfully, maliciously and feloniously did attempt to break and enter with intent the goods, moneys, and properties of the said J. S. Hotchkiss & Co. in the said warehouse ....... unlawfully and feloniously to steal, take and carry away ......'' Upon the ground that the variance between the information and the indictment was a variance in substance, the indictment was quashed.

Adopting the language of Judge PORTER in Com. v. Haines, 55 Pa. Superior Ct. p. 359: ''The purpose of a preliminary written charge and hearing before a justice is to inform the defendant as to the offense with which he is charged and to ascertain whether there are sufficient grounds for holding him for trial. The office of the written information is to identify the crime charged, and this it may do by employing a generic term, or in the words by which the crime is designated in the common language of the people; it is not necessary that it charge the offense with the detail and technical accuracy required in an indictment. The only question to be considered is whether the written accusation which this defendant gave bail to answer sufficiently informed her that she might be put on trial for the crime charged in the indictment.'' As was said by President Judge TREXLER of this court in Com. v. Miller and Burke, 77 Pa. Superior Ct. p.

469, 471: "It is not required that an information be skilfully drawn and justice might be delayed or sometimes entirely defeated if the same skill were required in regard to the information as to the indictment. There is no doubt that the defendant upon scrutinizing the information before us knew what the unlawful act was with which he was charged, and was sufficiently informed that he might be put on trial for the crimes charged in the indictment. The fact that the information does not contain as full and specific statement as the indictment, furnishes no ground for quashing the latter: Com. v. Carson, 166 Pa. 179 ...... Committing magistrates are not usually learned in the law, and all that should be required of them, is a plain statement of the charge laid. The putting of it in legal phraseology thereafter becomes the duty of the district attorney."

In the instant case the defendant was fully informed not only by the information but by the hearing as to the exact nature of the charge preferred against him before the alderman. He was present with his counsel and after hearing, gave bail for his appearance at court. The language used in the information was that he had unlawfully attempted to break and enter the premises mentioned, while the words of the indictment simply added the language of the act of assembly requiring that the unlawful breaking and entry be done with the *intent* of committing a felony, to wit: larceny.

We believe the question raised is squarely answered by President Judge TREXLER in Com. v. Miller & Burke, supra, wherein he held that the failure to set forth in the information, the intent with which the act was committed, was not grounds for quashing the indictment.

The order appealed from is reversed; the quashed indictment is reinstated, and the record is remitted for trial.