## Commonwealth v. Fye

*M. W. Gettig*, for Commonwealth.
*Lewis Orvis Harvey*, for defendant.

WALKER, P. J., February 11, 1941.—This matter is before the court on a motion to quash the information and strike off the transcript. The reasons given therefor are as follows:

"(1)   The information lodged against defendant does not contain facts constituting a crime; (2) the information lodged against defendant does not contain the averment of all facts necessary to sustain a summary conviction; (3) the information lodged against defendant does not contain a complete statement of the offense with which he is allegedly charged with having committed."

The information itself reads as follows: "That at Burnside Township, in the County of Centre, on the 20th day of August, A. D. 1940, one Ralph Fye defendant above named, did Unlawfully operate a Oldsmobile Coupe, bearing 1940 Pennsylvania Registration plates numbered P6736, upon a public highway within this Commonwealth and did then and there on or about the hour of 7:30 P. M. E. S. T. operate said vehicle in such a manner over a dirt road, that when the brakes were applied the car swerved and collided with a truck approaching in the opposite direction.   This contrary to Section 1001-A, Act 403, as amended by Act 447, approved June 29, 1937 Section 1001, Sub-section 'A', Article 10."

The Vehicle Code of May 1, 1929, P. L. 905, sec. 1001, as amended by section 3 of the Act of June 29, 1937, P. L. 2329, says: "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a)   Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

In the case of Commonwealth v. Grego, 116 Pa. Superior Ct. 295, in referring to the sufficiency of an information, the court held:

"An information is sufficient if it plainly states and identifies in ordinary words the offense with which the defendant is charged; it is not necessary that it charge the offense with the detail and technical accuracy required in an indictment."

There are three distinct elements any one of which may be considered as a violation of this particular charge. The first is that "Any person who drives any vehicle . . . upon a highway carelessly and wilfully" is guilty of reckless driving. This information does not come within this particular charge because neither the word "carelessly" nor "wilfully" is used. The second charge is "wantonly disregarding the rights or safety of others". This does not appear in the language of the information and that cannot be the charge which is intended by this information. The third is "in a manner so as to endanger any person or property." This particular language is likewise not used in the information. It does state that the car was driven in such a manner over a dirt road that when the brakes were applied the car swerved and collided with a truck approaching in the opposite direction. While it is true that it collided with a truck, it does not state that it was driven in such a manner as to endanger any person or property.

The information states that there was an unlawful operation of the car which, of course, did not necessarily apply to the charge of reckless driving, because an unlawful operation might be at an excessive rate of speed or driving on the wrong side of the road, or any other violation of the various provisions of the act which, if specifically committed, the particular section of the act is applicable and not the one of reckless driving.

In the case of Commonwealth v. Dugan, 9 Wash. Co. 179, the court said:

"A driver may have a collision with another vehicle when he is using his utmost efforts to avoid injury or danger to others or their property, and, for all that is averred in this information, such may have been the case here, the collision that occurred being, so far at least as this defendant is concerned, a pure accident."

Similar reasoning is applicable to the information in this case. There is nothing in the information which states that the car was driven in such a manner as to en-

danger any person or property, which is an essential element in an information for reckless driving. The mere fact that a collision occurred might not have been due to the manner in which the car was driven by defendant. The necessity for the application of the brakes which resulted in the swerving of the car might have been due to the manner in which the truck going in the opposite direction was driven.

The court is, therefore, of the opinion that sufficient has not been set forth in the information and the following order is therefore entered:

And now, to wit, February 11, 1941, the motion to quash is hereby sustained, costs to be paid by the county.