Commonwealth, Appellant, *v.* Cortes.

Argued November 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William Claney Smith*, Assistant District Attorney, with him *Edward C. Boyle*, District Attorney, for Commonwealth, appellant.

*C. Bryson Schreiner* for defendant, appellee.

*Louis D. Cooper*, with him *Cooper, Hunter & Lewis*, for defendant, appellee.

OPINION BY HIRT, J., December 28, 1956:

These defendants on an information sworn to by a State Bituminous Mine Inspector were charged with

violations of Article IX, §10 of the Act of June 9, 1911, P. L. 756, 52 PS §1021. This section of the Bituminous Mining Law of Pennsylvania provides: "If any person shall construct, or cause to be constructed or used, . . . any sewer or other method of drainage from any building or dwelling-house, for the carrying of sewage, offal, refuse or other offensive matter, into any operating mine, or any entry way, passage, or room in any mine . . . such person shall be guilty of a misdemeanor . . ." and shall be subject to fine and imprisonment upon conviction.

On motions of these defendants the indictments were quashed on the ground, as alleged, that in each instance the indictment was "founded upon an information which does not charge an indictable offense." In other respects the validity of the indictments are not questioned. These are the Commonwealth's appeals from the orders.

In material respects the information upon which Bill 151 was based, charged that the defendants: ". . . between May 1, 1955 and May 30, 1955 defendants did unlawfully construct or cause to be constructed a sewage system by drilling a hole in the surface of the earth down to the Pittsburgh Vein of coal. The Pittsburgh Vein of coal at this location is being actively worked at the present time by the Montour #4 Mine of the Pittsburgh Consolidated Coal Company. This sewage system was so constructed as to carry sewage from the homes or dwellings of the Broadlawn Highlands Plan of lots to the excavations of the mine below, all of which is contrary to an Act of Assembly in such cases made and provided." The information supplying the basis for Bill 150 is substantially to the same effect.

The error in the orders of the lower court are at once obvious. The police and other law enforcement officers and justices of the peace who formulate the complaints are not expected to be learned in the law. Accordingly, "The technical accuracy necessary to an indictment is not essential in an information, and where an information puts the defendant on notice of the substance of the crime for which he is being held, it is sufficient": *Commonwealth v. Hancock,* 177 Pa. Superior Ct. 585, 112 A. 2d 407. There are many decisions of our appellate courts to the same effect, among them: *Commonwealth v. Miller & Burke,* 77 Pa. Superior Ct. 469; *Commonwealth v. Grego,* 116 Pa. Superior Ct. 295, 176 A. 550; *Commonwealth v. Ginsberg,* 143 Pa. Superior Ct. 317, 18 A. 2d 121; *Commonwealth v. Spallone,* 154 Pa. Superior Ct. 282, 35 A. 2d 727. The lower court in the opinion, as justification for the orders in these cases, quoted from *Commonwealth v. Musto,* 348 Pa. 300, 302, 303, 35 A. 2d 307, but only to this extent: "It is true that a complaint or information must contain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supply them, because a defendant should not be required to answer a charge different from, and unrelated to, the one for which he was arrested and held to bail." What the opinion failed to add was the qualification stated by the Chief Justice immediately following the above-quoted statement, in this language: "But it is likewise true that an information need not employ the legal phraseology or possess the technical accuracy of an indictment or describe the crime as fully and specifically as is there required." *Commonwealth v. Musto,* supra, was a murder case in which the defendant's conviction was sustained. In that case the indictment was

questioned, as here, on the ground that the information did not contain all the essential elements of the offense sought to be charged. The Supreme Court found no merit in the complaint. The above quotations from the opinion in that case, read together, support the Commonwealth's contention in the present appeals. There are other authorities to the same effect cited in the footnote at page 303.

The essential elements of the offense, made a misdemeanor by the 1911 Act, supra, are set forth in each instance in the information "in terms of common parlance" which give fair notice of the nature of the unlawful acts alleged to have been committed. The informations therefore are sufficient to support the charges of the indictments.

The order in each case is reversed with a procedendo.