420 A.2d 647

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Linda WILKINSON.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed June 20, 1980.

Sandra L. Gross, Assistant District Attorney, Media, for Commonwealth, appellant.

Roger Dale Morris, Swarthmore, for appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

The Commonwealth appeals from an order quashing the preliminary hearing transcript holding appellee for trial for homicide by vehicle. *See* Act of June 17, 1976, P.L. 162, No. 81, § 1, 75 C.P.S.A. § 3732.

On December 27, 1977, State Trooper Thomas Semcheski swore to a complaint charging appellee with driving under the influence of intoxicating liquor and alleging the following:

Defendant did on December 23, 1977 at 5:20 p. m. operate a Ford Sedan, Pa. Registration # S61215 eastbound on U.S. Rte. # 1, in Middletown Township. Subject did cross over a medial strip into the westbound lane and strike two other vehicles 125 feet East of station marker 0/30, while under the influence of alcohol or controlled substance.

On February 1, 1978, the complaint was dismissed by a district justice after a preliminary hearing. On March 29, 1978, however, Trooper Semcheski swore to a second complaint against appellee, alleging the same facts as were alleged in the first complaint and again charging her with driving under the influence of intoxicating liquor.[1] In addition, the second complaint charged appellee with homicide by vehicle, alleging that John Powers, the driver of one of the cars that appellee hit, died as a result of the accident. Appellee was rearrested, and on April 6, 1978, she filed a petition for a writ of habeas corpus, which the lower court denied on April 13. On April 14, a second preliminary hearing was held. At the hearing two witnesses testified for the Commonwealth.

The first Commonwealth witness, Warren Stratton, testified as follows. On December 23, 1977, during the early

[1]. Although the propriety of the Commonwealth's bringing the second complaint is not attacked on this appeal, such action appears to have been proper. *See generally Commonwealth v. Cartagena*, 482 Pa. 6, 393 A.2d 350 (1978) (plurality op.).

evening hours, he was driving westward on U.S. Route 1, a four–lane highway, when he saw appellee's car fifty to one hundred and fifty yards away, coming across the grass medial strip from the eastbound lanes of traffic. Appellee's car struck two cars driving westward in front of him. He stopped his car and rendered assistance to appellee and the victims involved in the accident. From his observations at the scene, he could not form an opinion as to whether appellee had been drinking.

The second Commonwealth witness, Trooper Semcheski, testified as follows. He arrived at the scene at 5:40 p. m., approximately twenty minutes after the accident occurred. When he arrived, appellee was sitting in the driver's seat of a car that was facing east in the center of the westbound lanes of traffic. By–standers were applying an external heart massage to John Powers, the driver of one of the other cars involved in the accident, who was lying on the ground. Powers was eventually transported to a hospital, but died the same evening. Semcheski further testified that he spoke with appellee on the night of the incident at the hospital, and asked whether she could remember why she crossed the medial strip. Appellee answered that she could not, but that she was coming from a Christmas party at which she had consumed a lot of alcoholic beverages. Semcheski then advised appellee of her constitutional rights and arrested her. Appellee, nevertheless, consented to give a blood sample, which Semcheski took to the Delaware Crime Laboratory for testing. He later received a report from the laboratory, which was introduced at the preliminary hearing.

At the conclusion of Semcheski's testimony, the district justice dismissed the charge of driving under the influence on the ground that the Commonwealth had failed to show that the blood test was conducted by qualified personnel on equipment approved by the Department of Health. Without the blood test, the district justice believed, the Commonwealth's evidence did not establish a prima facie case of driving under the influence. The district justice bound

appellee over for trial on the charge of homicide by vehicle, however, on the ground that appellee had improperly driven across the medial strip into opposing lanes of traffic, causing John Powers' death.

On April 27, 1978, appellee filed a motion to quash the preliminary hearing transcript, asserting that she could not be held on the charge of homicide by vehicle since the Commonwealth had failed to establish a prima facie case at the hearing that she was intoxicated at the time of the accident. On May 30, a hearing was held at which the lower court, agreeing with appellee, held that the offense of homicide by vehicle could not be prosecuted in the absence of a second, supporting, charge charging the defendant with the violation of another provision of the motor vehicle code.[2] Since the Commonwealth had charged appellee with only driving under the influence and homicide by vehicle, and since the district justice had dismissed the charge of driving under the influence, it followed that the homicide by vehicle charge also had to fall. The court therefore dismissed the transcript, and discharged appellee. This appeal followed.

■ As an initial matter, we must reject the lower court's conclusion that a charge of homicide by vehicle may be prosecuted only if a second, supporting, charge is brought charging the defendant with another motor vehicle code violation. A person is guilty of homicide by vehicle if she
unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic . . . when the violation is the cause of death. 75 C.P.S.A. § 3732 (1977).

**2.** In the meantime, on May 3, the Commonwealth filed an information charging appellee with homicide by vehicle. However, because appellee brought her motion to quash the transcript prior to the filing of the information, the motion was timely. *See generally Commonwealth v. Manni*, 223 Pa.Super. 403, 302 A.2d 374 (1973); *Commonwealth v. Bruno*, 203 Pa.Super. 541, 201 A.2d 434, *allocatur refused*, 203 Pa.Super. xxxiii (1964), *cert. denied*, 379 U.S. 965, 85 S.Ct. 656, 13 L.Ed.2d 558 (1965) (when defendant has had preliminary hearing, given bail for court, and been indicted, it is too late for defendant to question sufficiency or regularity of proceedings prior to indictment).

In order to secure a conviction under this statute, the Commonwealth must prove beyond a reasonable doubt that the defendant "*engaged in* the violation of any law ... or ... ordinance applying to the operation or use of a vehicle or to the regulation of traffic ...." Nothing in the statute indicates a legislative intent that in order to establish this element of the offense, the Commonwealth must bring a *separate charge* for such violation. Had the Legislature intended to bifurcate the Commonwealth's proof of homicide by vehicle into two stages–the first stage being the prosecution for violating a particular vehicle or traffic law or ordinance, and the second stage (comprising the prosecution of homicide by vehicle) being limited to proof that the violation resulted in a death–, explicit language would be expected since such a bifurcation would be unusual. In the absence of such explicit language, we see no policy reason that requires the Commonwealth to follow such a procedure. As long as the Commonwealth gives the defendant adequate notice of the particular vehicle or traffic law or ordinance allegedly violated in causing the death,[3] whether or not the Commonwealth brings a separate charge for such violation is immaterial.

Notwithstanding the above, appellee argues that even if the Commonwealth is not required to bring separate charges for homicide by vehicle and the underlying vehicle or traffic offense, still, the underlying offense is an essential element of homicide by vehicle that must be specifically cited in the criminal complaint and established at the preliminary hearing. From this premise appellee reasons that since here the Commonwealth failed to establish at the preliminary hearing the only offense cited in Trooper Semcheski's complaint (driving under the influence of alcohol), the Commonwealth also failed to establish a prima facie case that she was guilty of homicide by vehicle.[4]

**3.** For discussion of the requirement of adequate notice in a criminal complaint, *see infra.*

**4.** Appellee also argues: 1) that if the Commonwealth is not required to specify in the complaint the underlying vehicle or traffic offenses,

■■■ Our cases hold that "a complaint or information must contain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supply them, because a defendant should not be required to answer a charge different from, and unrelated to, the one for which he was arrested and held to bail." *Commonwealth v. Musto*, 348 Pa. 300, 302–03, 35 A.2d 307, 309 (1944) (STERN, J.). *Accord*: *Harger v. Commonwealth, Department of Transportation*, 17 Pa.Cmwlth. 142, 330 A.2d 883 (1975). *See also* Art. I, sec. 9, of the Pa.Const. ("In all criminal prosecutions the accused hath a right . . . to demand the nature and cause of the accusation against him . . . ."). However, while a complaint used to institute a criminal proceeding must state the offense committed by the accused, and the general nature and time and place of the offense, it need not set forth the charges with the particularity of an indictment. *Commonwealth ex rel. Garland v. Ashe*, 344 Pa. 407, 26 A. 190 (1942); *Commonwealth v. Carson*, 166 Pa. 179, 30 A. 985 (1895); *Commonwealth v. Moon*, 174 Pa.Super. 334, 101 A.2d 147 (1953); *Commonwealth v. Ginsberg*, 143 Pa.Super. 317, 18 A.2d 121 (1940).[5] "The purpose of a preliminary written charge . . . is to inform the defendant as to the offense with which he is charged . . . . The offense may be described by employing generic terms or in words by which the crime 'is designated in the common language of the people' ". . . . *Commonwealth ex rel. Jenkins v. Costello*, 141 Pa.Super. 183, 185, 14 A.2d 567, 568 (1940). *Accord*: *Commonwealth v. Grego*, 116 Pa.Super. 295, 176 A. 550 (1935); *Commonwealth*

the statute creating homicide by vehicle is void for vagueness under the Pennsylvania and United States Constitutions; and 2) that the Commonwealth is precluded from appealing the order of the lower court since the order involves a question of mixed fact and law. We have considered these arguments and find them without merit.

5. *See also* Pa.R.Crim.P. 132(6)(a), which provides that a criminal complaint shall contain

[i]n a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint, nor shall a citation of the statute allegedly violated, by itself, be a sufficient compliance with this subsection . . . .

v. *Miller and Burke,* 77 Pa.Super. 469 (1921); *Commonwealth v. Campbell,* 22 Pa.Super. 98 (1903). As stated in *Grego,* " 'The only question to be considered [as to the sufficiency of the complaint] is whether the written accusation [the] defendant gave bail to answer sufficiently informed her that she might be put on trial for the crime charged in the indictment.' " 116 Pa.Super. at 296, 176 A. at 551, (citation omitted).

In the present case, the complaint informed appellee that she was charged with homicide by vehicle on the basis of an incident that occurred on December 23, 1977, at approximately 7:20 p. m., when she drove her car from the eastbound lanes of traffic on U.S. Route 1 in Delaware County across the grass medial strip and into the westbound lanes of traffic where she struck two cars and killed John Powers, the driver of one of them. The complaint also charged appellee with driving under the influence of alcohol. Thus, there is no question that the complaint was sufficient to hold appellee for a preliminary hearing on the charge of homicide by vehicle based on the death of Powers and appellee's intoxication at the time of the accident.[6] Furthermore, the evidence presented at the subsequent preliminary hearing, though insufficient to hold appellee for trial on driving under the influence was sufficient to hold her for trial on homicide by vehicle on the ground that the death of John Powers was caused when she improperly drove into an opposing lane of traffic.[7]

**6.** Although the complaint does not explicitly state that appellee's intoxication caused Powers' death, the complaint cannot be faulted for this technical lapse. As stated in *Commonwealth v. Cortes,* 182 Pa.Super. 602, 605, 128 A.2d 155, 156 (1956), "The police and other law enforcement officers and justices of the peace who formulate the complaints are not expected to be learned in the law." If the complaint puts the defendant on notice of the substance of the crime for which he is being charged, it is sufficient. Here, the complaint gave appellee fair notice of the Commonwealth's theory that her driving under the influence caused Powers' death.

**7.** We reject appellee's argument that the Commonwealth failed to make a prima facie showing that she was engaged in any vehicle or traffic violation at the time of the accident. Without deciding wheth-

■ Thus, neither the complaint nor the preliminary hearing was intrinsically defective, and appellee was properly discharged only if we accept her argument that because the complaint charged her with driving under the influence the Commonwealth was compelled to prove this offense at the preliminary hearing in order to hold her for trial. However, as is apparent on the face of the statute, driving under the influence is not an essential element of homicide by vehicle, and therefore is not something the Commonwealth was compelled to prove; the essential element is "the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic." This element was alleged in the complaint, and was established at the preliminary hearing. Thus, the only issue before us does not involve a failure to establish an essential element of homicide by vehicle, but a variance of proof in establishing the elements.

■ Appellee claims that she was prejudiced by this variance, but she has failed to describe to us how she was prejudiced, and we have failed to find prejudice in the record. The rules governing a variance of the proof at trial from the charges in an indictment or bill of particulars, *see generally Commonwealth v. Pope,* 455 Pa. 384, 317 A.2d 887 (1974); *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972), do not govern variances of the proof at a preliminary hearing from the charges in a complaint. The principal function of a preliminary hearing in this Commonwealth is to protect an individual's right against unlawful arrest and detention. *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975). It is not a trial, and its purpose is not to decide guilt or innocence; its purpose is to determine whether a sufficient case has been made out to hold the accused for the grand jury. *Commonwealth v. Smith,* 232 Pa.Super. 546, 548, 334 A.2d 741, 742 (1975).

er the Commonwealth's evidence was sufficient to establish other violations, we hold that it was sufficient to establish a prima facie case that appellee was driving on the wrong side of the road. *See* 75 C.P.S.A. § 3301 (1977).

■ The facts alleged in the complaint in the present case were specific enough to put appellee on notice that she would be called on to answer for her conduct in driving across the medial strip into opposing lanes of traffic. Although the complaint did not allege in so many words that her crossing was unlawful, the illegality of the crossing was clearly implied. Given the specificity of the complaint, we fail to see how appellee's efforts to attack the Commonwealth's case at the preliminary hearing were prejudiced by the variance of the Commonwealth's proof at the preliminary hearing from the charges in the complaint.

■ Finally, it should be noted that an indictment based upon the proof presented at the preliminary hearing will not be defective on the ground that it varies materially from the charges in the complaint. An indictment is valid if it charges the commission of any crimes that are " 'substantially the same as or cognate to the offense alleged in the complaint.' " *Commonwealth v. Davison*, 243 Pa.Super. 12, 14 n. 1, 364 A.2d 425, 426 (1976), *quoting* Pa.R.Crim.P. 213(a)(5). *See also Commonwealth v. Epps*, 260 Pa.Super. 57, 393 A.2d 1010 (1978); *Commonwealth v. Dunnick*, 204 Pa.Super. 58, 202 A.2d 542 (1964). Here the offense to be tried (homicide by vehicle) is the same as that charged in the complaint.

Accordingly, the lower court's order quashing the transcript is reversed.[8]

8. Our holding today that the Commonwealth's evidence at the preliminary hearing was sufficient to bind appellee for trial on the charge of homicide by vehicle may not be construed, of course, as an expression on the constitutionality of 75 Pa.C.S.A. § 3732, (except on the issue stated in footnote 4, *ante*) or on the elements that must be proved at trial if the statute is constitutional, or on the adequacy of the Commonwealth's information against appellee as it is presently drawn. *See Commonwealth v. Barone*, 276 Pa.Super. 282, 419 A.2d 457 (1980) (en banc) (two judges holding the statute unconstitutional; two judges, without reaching the issue of whether the statute violates due process, holding that conviction under the statute requires proof that the accused was culpably negligent; three judges holding that the statute is constitutional and imposes absolute liability when violation of state law or municipal ordinance applying to the

operation or use of a vehicle or to the regulation of traffic results in death).