464

528 A.2d 249

COMMONWEALTH of Pennsylvania, Appellant,

v.

Brian L. OTIS, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 18, 1986.

Filed July 13, 1987.

■

Daniel J. Barrett, District Attorney, Athens, for Com., appellant.

David B. Keeffe, Sayre, for appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

WIEAND, Judge:

As a result of a fatal vehicular accident, in which a vehicle operated by Brian Otis crossed the center line of a two lane highway and collided with an oncoming vehicle, Otis was charged with involuntary manslaughter[1] and homicide by vehicle.[2] Following a preliminary hearing, the involuntary manslaughter charge was dismissed, but the charge of homicide by vehicle was returned to court for further proceedings.[3] After an information had been filed and Otis had been arraigned on the charge of homicide by vehicle, Otis filed an omnibus pre-trial motion which included a motion to dismiss. The trial court reviewed the record of the preliminary hearing, held that the evidence was insufficient, and dismissed the charge of homicide by vehicle. The Commonwealth appealed.[4]

1. 18 Pa.C.S. § 2504.

2. 75 Pa.C.S. § 3732.

3. This was the second prosecution commenced by the Commonwealth. A prior prosecution for involuntary manslaughter and homicide by vehicle had been returned to court but had been dismissed for lack of sufficient evidence by the trial court in response to a petition by Otis for writ of habeas corpus. Thereafter, Otis was re-arrested. At the later preliminary hearing, the Commonwealth offered, in addition to evidence previously presented, the testimony of Otis' girl friend with whom he had spent a portion of the thirty-six hour period preceding the accident and to whom Otis had made factual statements regarding the happening of the accident. At this hearing the Commonwealth also offered photographs of the accident scene.

4. An order summarily dismissing criminal charges prior to trial is appealable by the Commonwealth. *Commonwealth v. Hess*, 489 Pa.

■ At or about 6:00 p.m. on July 6, 1985, Brian Otis was operating his vehicle eastwardly on Route 6 in Bradford County when the vehicle crossed into the westbound lane and collided head-on with a Volkswagen van approaching in the opposite direction. Robert Wright, the driver of the van, and his six year old daughter, Shannon, were killed as a result of the collision. Three other children were injured. When questioned by State Trooper George G. Gibblets, Otis said that he had not slept for thirty-six hours prior to the accident and had fallen asleep at the wheel before crossing into the opposing lane of travel. However, he told his girl friend that he had not fallen asleep prior to the accident.

The Commonwealth bears the burden at a preliminary hearing of establishing at least a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8 (1978); *Commonwealth v. Mullen*, 460 Pa. 336, 333 A.2d 755 (1975). To sustain that burden it is well settled that the Commonwealth must produce evidence,

> such as to present "sufficient probable cause to believe that the person charged has committed the offense stated" *United States v. Johns*, [4 U.S. (4 Dall.) 412, 413, 1 L.Ed. 888 (1806)]; in other words, it should make out a prima facie case of guilt. It should be such that if presented at the trial court, *and accepted as true*, the judge would be warranted in allowing the case to go to the jury.

*Commonwealth ex rel. Scolio v. Hess*, 149 Pa.Super. 371, 374–75, 27 A.2d 705, 707 (1942) (emphasis in original). *Commonwealth v. Wojdak*, 502 Pa. 359, 367–368, 466 A.2d 991, 995–996 (1983).

■ The offense of homicide by vehicle is defined as follows:

580, 589, 414 A.2d 1043, 1047 (1980). See also: *Commonwealth v. Orlowski*, 332 Pa.Super. 600, 481 A.2d 952 (1984). Appealability was not affected adversely because the Commonwealth had elected to re-arrest Otis rather than appeal the earlier order granting habeas corpus.

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3731 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

75 Pa.C.S. § 3732. In *Commonwealth v. Heck,* 341 Pa.Super. 183, 491 A.2d 212 (1985), *allocatur granted,* 509 Pa. 535, 505 A.2d 251 (1986), a panel of this Court held that the statute could pass constitutional muster only if it were interpreted so as to require for conviction a degree of misconduct which rose to the level of criminal negligence.[5]

In *Commonwealth v. Wilkinson,* 278 Pa.Super. 490, 420 A.2d 647 (1980), this Court held that "the evidence presented at the subsequent preliminary hearing ... was sufficient to hold [the defendant] for trial on homicide by vehicle on the ground that the death of [the deceased victim] was caused when [the defendant] improperly drove into an opposing lane of traffic." *Id.,* 278 Pa. at 498, 420 A.2d at 651 (footnote omitted). And in *Commonwealth v. Eichelberger,* 364 Pa.Super. 425, 528 A.2d 230 (1987), this Court held that evidence showing that a driver had suddenly allowed his vehicle to cross the center line of a two lane roadway and collide with an oncoming vehicle was sufficient to support a verdict of guilty of homicide by vehicle.

Earlier decisions of this Court have also held that allowing a vehicle to cross the center line and invade the lane for traffic moving in the opposite direction is evidence of recklessness sufficient to sustain a conviction for involuntary manslaughter. In *Commonwealth v. Smoker,* 204 Pa.Super. 265, 203 A.2d 358 (1964), the defendant was found guilty of involuntary manslaughter after the car which he had been driving crossed into the wrong lane and struck an oncoming vehicle, killing a passenger in the approaching

5. But see *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980), and *Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981).

vehicle. The evidence there suggested that the defendant had fallen asleep shortly before the accident. On appeal, this Court affirmed, saying:

> While admitting that a specific intent to kill or harm is not required for conviction of this crime, the defendant contends that there must at least be an intent to do what he did. If he means by this that he must have intentionally driven into the wrong lane, this is not the law. It is enough that he intentionally drove his car and recklessly failed to drive it in its proper lane, driving it instead, because of inattention to what he was doing, into the wrong lane. . . .
>
> Of course, the burden was upon the Commonwealth to prove [the defendant's] guilt beyond a reasonable doubt, but under the evidence the jury was warranted in finding that it did so. The mere fact that he drove on the wrong side of the road, without any visible reason or compulsion to do so, would warrant the jury in inferring that he did so negligently and, particularly in view of the great danger involved in such conduct under the circumstances, that he did so recklessly. Nothing appeared in the evidence to show that he was forced off the road, that he was faced with a sudden emergency or that any other fact existed which might have relieved him of responsibility.
>
> . . . .

*Id.*, 204 Pa.Superior Ct. at 268–269, 203 A.2d at 360. See also: *Commonwealth v. Farrell*, 208 Pa.Super. 200, 222 A.2d 437 (1966) (evidence that defendant had driven his truck on wrong side of road through intersection held sufficient to sustain jury's finding of recklessness).

■ Otis argues in this case, as the defendant argued in *Smoker*, that he fell asleep and that it was for this reason that his vehicle had crossed the center line into the opposing lane of travel. The *Smoker* Court responded:

> The defendant claims that if he fell asleep he could not be found guilty in the absence of some negligent conduct which induced the sleep. However, the defendant testi-

fied that he had been awake since about 6 A.M., working fourteen hours in the interval. The jury could have found his conduct reckless in driving after 10 P.M. that day under the circumstances, particularly since on cross examination he indicated that he had only seven hours sleep in the preceding forty hours. They could have properly inferred from this that his falling asleep and the resulting tragedy were a product of this recklessness.

*Id.* 204 Pa.Super. at 269, 203 A.2d at 360. The facts in the instant case present an even stronger case of criminal negligence. Otis conceded that he had had no sleep during the thirty-six hours preceding the accident, but he nevertheless got behind the wheel of his vehicle and attempted to drive it along a major thoroughfare in Bradford County. Whether he fell asleep is not clear. However, even if he did fall asleep, a jury could infer from all the circumstances that Otis was criminally negligent in causing the tragic death of Robert Wright and his six year old daughter. *Commonwealth v. Smoker, supra.* For the trial court to dismiss the charge summarily, therefore, was error.

Reversed and remanded for further proceedings. Jurisdiction is not retained.