J-S19023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :             PENNSYLVANIA
                                            :

           v.                            :

ANTHONY B. QUINN             :
                                            :
               Appellant        :    No. 1057 EDA 2017

Appeal from the Judgment of Sentence December 8, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-SA-0000098-2016,
CP-46-SA-0000159-2016

BEFORE: SHOGAN, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:            **FILED MAY 03, 2018**

Appellant Anthony B. Quinn appeals *pro se* from the judgment of sentence entered based upon his conviction for two counts of harassment[1] following his summary appeal. Appellant argues that (1) the convictions are void because the trial judge failed to read his sentence on the record and inform him of his appellate rights, (2) the citations issued in connection with this matter were defective, and (3) the prosecution failed to prove that he had "no legitimate purpose" to his actions. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(3).

Appellant's conviction arose out of a dispute with his neighbor (Complainant). The trial court summarized the relevant facts of this matter as follows:

[T]he neighbors' properties abutted on the right-hand corner at the end of a dead-end street. The [Complainant's] property was the last house on the right at the dead end. Continuing past it, one would proceed straight into [Appellant's] driveway, which then curved off to the right to his house, recessed somewhat diagonally to the right and rear, with a high wood fence close to the [Complainant's] house separating the properties almost to the street. . . . The [Complainant] would park a car in front of her property, at the end of the street, pointing into [Appellant's] property to the right of the entrance to his driveway, with her house to the car's right. This was roughly the spot both parties would place trash for collection.

The [Complainant] testified that at first in 2007 when she moved in [Appellant] would put his trash cans on the other side of the driveway closer to the house directly across the street from hers but a few years later he started putting them every trash night up against her car or that of someone else at her home who might be parked there, belligerently rebuffing her requests that he stop, and she had complained to police many times. She said she had had dings and damage to her cars from the cans. The Commonwealth introduced into evidence several photographs, some of which [Complainant] testified depicted [Appellant's] trash cans against her or a visitor's car and a couple of which showed the left front corner of her car surrounded by her and [Appellant's] trash cans, all of which she testified Appellant had placed against the car.

Besides the [Complainant], two officers of the Springfield Township Police Department testified for the Commonwealth. One testified to an incident the night of August 7, 2013, when he responded to the [Complainant's] report of a disturbance at her house, where she told him [Appellant] had taken her trash cans and a bag of trash from where she normally put them in front of her car parked on the street (she had no driveway) and moved them onto her property between her house and the car where, the officer said, the trash personnel might not be able to access or even see them for collection. The officer was aware of a prior call

- 2 -

to police by the [Complainant] two months earlier in which the same dispute over the placement of trash had been at issue and the police and refuse authorities had advised the parties that she was to put her trash to the right of the driveway and [Appellant] was to put his to the left. The officer found no legitimate reason for [Appellant] to have moved [Complainant's] trash onto her private property on the far side of her vehicle from the place in the public street where she had properly placed it for pickup, after the prior dispute had been resolved with official directions to place her trash there, so the officer issued [Appellant] a citation for harassment under 18 Pa.C.S. § 2709(a)(3).

The second officer testified he responded to another complaint by the [Complainant] on the morning of November 13, 2014, about two of [Appellant's] trash cans placed up against the driver's side of her car. The officer photographed the cans against the car, and the Court admitted the photo into evidence without objection. The officer summarized as follows the conversation he then had with [Appellant] after contacting him:

> I asked him if they were his trash cans. And he said yes. And I asked him if he placed them against the vehicle. And he said he did not, he put them on the other side of the driveway before he went to bed. And then when I asked him, well, how did they arrive on the . . . [C]omplainant's car, he stated it was magic.

At the conclusion of the Commonwealth's case, [Appellant] moved to dismiss the August 2013 charge brought by the first officer[,] on grounds his testimony was inconsistent with the [C]omplainant's on whether he was called to the scene about trash cans being moved or trash cans being put against the car. The Court denied this motion, and [Appellant] proceeded to testify.

[Appellant] testified to his version of the incidents in question, and introduced four of his own photographs of the scene. He expressed the view that [Complainant] should not place her trash next to his property near the driveway, as previous neighbors had not, and that she did so and parked car at the edge of his property to harass *him*. He said he moved her trash cans to make room for his at that spot. He maintained as he had in cross-examining the officer who had responded to the August 2013 incident that he could not place his trash on the other side of his driveway because that was someone else's property and to do so would violate township ordinances although he did not produce or cite to

- 3 -

the Court any specific ordinance upon which he premised this argument. . . . [Appellant] also claimed that [Complainant], not he, had moved the trash cans up against her own car the night before the November 2014 complaint[.]

Trial Ct. Op., 5/8/17, at 1-4 (citations omitted).

Based upon the foregoing facts adduced at the trial *de novo*, the trial court took the matter under advisement.[2] One week later, the court entered an order finding Appellant guilty of two counts of harassment and sentencing him to a fine of $300 for each count plus costs. According to the docket entry, the sentence was mailed to Appellant the same day it was entered.[3] However, the order did not apprise Appellant of his appellate rights. Appellant filed a post-trial motion on January 20, 2017. The trial court denied the motion on February 17, 2017, in an order indicating that pursuant to Pa.R.Crim.P. 720(D), post-trial motions are not properly made following a summary appeal.

Appellant filed a notice of appeal to this Court on March 17, 2017. Thereafter, Appellant filed a timely court-ordered statement of errors

---

[2] Taking the matter under advisement was in derogation of the Pennsylvania Rules of Criminal Procedure, which specify that in a summary appeal, "[t]he verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial." Pa.R.Crim.P. 462(F).

[3] Appellant asserts that he was not informed of his sentence immediately and indicates in his notice of appeal that it was postmarked January 17, 2017. **See** Notice of Appeal, 3/17/17.

- 4 -

complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4]  The trial court filed

a responsive opinion on May 8, 2017.

_____

[4] Appellant's Rule 1925(b) statement contains the following issues:

> 1. It was error to disregard the motions to dismiss.
>
> 2. The testimony of the police and the [C]omplainant was contradictory and thus was not proved beyond a reasonable doubt.
>
> 3. It was error to admit the 2016 photos, whereas there was no testimony the photos accurately depicted the condition as existing on any specific date.
>
> 4. The prosecution failed to eliminate all legitimate purposes in [Appellant's] placement of trash receptacles, including proof of township ordinances concerning placement of trash receptacles.
>
> 5. Contrary to the testimony of the police and the findings of the court, the township ordinances enacted by a duly elected legislative body for the orderly conduct of township affairs are not "irrelevant."
>
> 6. The police testimony that township ordinances are irrelevant demonstrate[s] the police engage in illegal and corrupt favors.
>
> 7. The evidence is that [C]omplainant illegally dumps trash on and in front of [Appellant's] property[,] who has the right to protect his property.
>
> 8. The evidence is that [C]omplainant illegally dumps trash on and in front of [Appellant's] property[,] and the police oppression of [Appellant] demonstrate[s] the police engage in illegal and corrupt favors.
>
> 9. The evidence is that [C]omplainant desires to park her automobiles front of [Appellant's] property, [Appellant's] placement of his trash barrels in compliance with township ordinances is inconvenient to [C]omplainant[,] and the police oppression of defendant demonstrate[s] the police engage in illegal and corrupt favors.

Appellant raises the following issues for our review:

1. Did [the trial court's] rules violation void the conviction?

2. Should the defective citations have been dismissed?

3. Did prosecution prove inter alia, "no legitimate purpose"?

Appellant's Brief at 4.

Initially, we note that Appellant's notice of appeal is facially untimely, since the judgment of sentence was entered on December 8, 2016, and his notice of appeal was not filed until March 17, 2017. *See* Pa.R.A.P. 903(a) (indicating that notice of appeal must be filed within 30 days of the entry of the order being appealed). Even assuming that the sentence was mailed to Appellant on January 17, 2017, his notice of appeal is still untimely since his post-sentence motions did not toll the time for appeal. *See* Pa.R.Crim.P. 720(D).

_____

10. The video evidence demonstrate[s] [Appellant] acted legally consistent with township ordinances[,] and there is not proof beyond a reasonable doubt trash barrels were moved by [Appellant].

11. Failure to comply with a police directive has not been charged and therefore there cannot be a conviction.

12. The increased penalty is retaliatory.

13. The penalty is illegal.

14. The prosecution is beyond the statute of limitations.

Appellant's Pa.R.A.P. 1925(b) Statement, 4/7/17, at 1-3.

However, the trial court did not notify Appellant of his appellate rights on the record or in the order mailed to Appellant. *See Commonwealth v. Hurst*, 532 A.2d 865, 867 (Pa. Super. 1987) (holding that where an appeal was untimely but the trial judge had failed to advise defendant on the record at the time of sentencing of his right to file an appeal and the time within which to do so, the appeal would be decided on the merits). Therefore, we decline to quash this appeal.

In his first issue, Appellant asserts that the trial court's failure to impose sentence on the record at the conclusion of the trial *de novo* or at a later date violated the Pennsylvania Rules of Criminal Procedure.[5] Appellant argues that his conviction is void because "the court did not bring the parties back to announce a sentence in open court, as seemingly [is] required under Pa.R.Crim.P. 462(F)." Appellant's Brief at 8.

Before reaching the merits of this claim, we note that Appellant waived his right to contest the trial court taking the matter under advisement and rendering a sentence in writing by failing to object at the trial *de novo* when the trial court indicated it would do so. *See Commonwealth v. Gotto*, 452 A.2d 803, 805 (Pa. Super. 1982) (holding that where defendant "failed to object to the court taking the summary charge under advisement[, t]he issue [was] waived"). Moreover, Appellant has failed to preserve this issue in his

---

[5] Appellant also argues that the trial court failed to advise him of his appellate rights. Because we are considering the merits of Appellant's appeal despite its untimely filing, Appellant is receiving the relief he is due on that issue.

Rule 1925(b) statement. *See Commonwealth v. Barnhart*, 933 A.2d 1061, 1066 n.10 (Pa. Super. 2007) (citation omitted) (indicating that an appellant's failure to include an issue in a Pa.R.A.P. 1925(b) statement results in waiver of the issue). Accordingly, we find this issue to be waived.

Next, Appellant asserts that the citations served on him were defective. By way of background to this claim, the first citation issued to Appellant described the charged offense of harassment as follows: "[Appellant] engaged in a course of conduct or repeatedly commits acts which serve no legitimate purpose. [Appellant] repeatedly moved the victim's trash (cans)." Non-Traffic Citation, 8/8/13. The second citation indicated that the "[o]ffender routinely puts his trash cans against victim's car for no [legitimate] purpose or reason." Non-Traffic Citation, 11/19/14.

The record reflects that Appellant raised two motions to dismiss: (1) a pretrial motion to dismiss alleging that the citations in this matter were defective based upon lack of specificity, filed prior to the trial *de novo*, on August 4, 2016, and (2) a motion at the close of the Commonwealth's evidence seeking to dismiss one of the citations based upon sufficiency of the evidence, which the court considered and denied, N.T., 12/1/16, at 79. No reference was made to the pretrial motion during the trial *de novo* other than Appellant stating "I had filed two motions" after the close of testimony. N.T., 12/1/16, at 95. The court did not address this comment and did not rule upon the pretrial motion to dismiss.

However, in response to Appellant's Rule 1925(b) statement, the trial court opined that its "disregard" of Appellant's pretrial motion was "understandable and proper" as the pretrial motion to dismiss lacked merit. Trial Ct. Op. at 9. Specifically, the court noted that Appellant failed to demonstrate any prejudice from the alleged defects in the citations. *Id.*

Appellant presently claims that his pretrial motion to dismiss the citations for lack of specificity should have been granted.[6] Appellant argues that:

> Neither citation was sufficient to apprise [Appellant] of the charge he was required to defend against. Specifically, in as much as [Appellant] is in compliance with township ordinance as to placement of his trash in front of his own property, the citations fail to apprise [Appellant] of the lack of legitimate purpose [Appellant] is alleged to have committed.

Appellant's Brief at 16.

Pennsylvania Rule of Criminal Procedure 109 provides:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

_____

[6] We note that this issue was not specifically preserved in Appellant's Rule 1925(b) statement. However, because Appellant filed a pretrial motion to dismiss which raised this issue, we find that it is fairly comprised in his issue asserting that "[i]t was error to disregard the motions to dismiss." Appellant's Rule 1925(b) Statement, 4/7/17, at 1. Moreover, the trial court was able to discern the basis for Appellant's issue. Accordingly, we address the merits of this issue.

Pa.R.Crim.P. 109.  Pennsylvania Rule of Criminal Procedure 403(A) provides:

> (A) Every citation shall contain:
>
> > (1) the name and address of the organization, and badge number, if any, of the law enforcement officer;
> >
> > (2) the name and address of the defendant;
> >
> > (3) a notation if the defendant is under 18 years of age and whether the parents or guardians have been notified of the charge(s);
> >
> > (4) the date and time when the offense is alleged to have been committed, provided however, if the day of the week is an essential element of the offense charged, such day must be specifically set forth;
> >
> > (5) the place where the offense is alleged to have been committed;
> >
> > (6) a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;
> >
> > (7) the date of issuance;
> >
> > (8) a notation if criminal laboratory services are requested in the case;
> >
> > (9) a verification by the law enforcement officer that the facts set forth in the citation are true and correct to the officer's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Pa.R.Crim.P. 403(A).  Additionally, we note that "[t]he purpose of a preliminary written charge . . . is to inform the defendant as to the offense with which he is charged . . . .  The offense may be described by employing

- 10 -

generic terms[.]" ***Commonwealth v. Wilkinson***, 420 A.2d 647, 651 (Pa. Super. 1980) (citation omitted).

Instantly, the citations complied with each of the requirements of Rule 403(A). Furthermore, as noted by the trial court, Appellant has failed to demonstrate how the citations were prejudicial, merely arguing that they lacked specificity. ***See*** Appellant's Brief at 18. Appellant goes into no further detail, and, accordingly, we find that Appellant was not prejudiced where the citations informed Appellant of the offense with which he was charged by citing to a specific statute Appellant had violated and including the factual basis for the violation. ***See Wilkinson***, 420 A.2d at 651; ***see also*** Pa.R.Crim.P. 109, 403(A). Thus, any error the trial court committed by not considering Appellant's pretrial motion to dismiss based upon defective citations is harmless.

Finally, Appellant challenges the sufficiency and weight of the evidence. Appellant asserts that the Commonwealth failed to prove that he had "no legitimate purpose" in his actions regarding putting out his trash. Appellant argues that he could not place his trash anywhere other than the front of his property without violating a township ordinance. Appellant's Brief at 23. In so arguing, Appellant indicates that the Commonwealth "failed to prove that compliance with township ordinances has no legitimate purpose." ***Id.*** at 18.

Appellant also argues that the police told him to put his trash in front of an apartment building across the street. In this regard, Appellant asserts that "[t]he [C]omplainant and the police testimony concentrated on the police

instruction for [Appellant] to place his trash across the street in front of the apartments." *Id.* at 24.

Our standard of review for sufficiency claims is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016) (citation omitted).

To sustain a conviction for harassment, the Commonwealth must prove that a person has intent to harass, annoy or alarm another, and "engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." 18 Pa.C.S. § 2709(a)(3). Here, Appellant does not dispute that the Commonwealth proved intent to harass, annoy or alarm another or that he engaged in a course of conduct. Rather, Appellant merely asserts that the evidence was insufficient to prove that he had "no legitimate purpose" in

placing his trash where he did, because he contends he was following a local ordinance. Significantly, Appellant cites no case law in support of his argument, nor did he ever admit or attempt to admit any such ordinance into evidence during the trial *de novo*.

In any event, the record reveals that Appellant had ample space on the other side of his driveway to place his trash cans, and thus Appellant had no legitimate purpose to specifically place his trash cans on and surrounding the [C]omplainant's car. *See* N.T. 12-13, 22. Moreover, Appellant had previously placed his trash on the other side of his driveway. *Id.* at 20. Thus, Appellant was in no way forced to place his trash cans in the particular area he chose to place them where the effect was to harass Complainant. Therefore, the trial court properly considered Appellant's actions in blocking Complainant's car with his trash cans and placing the trash cans directly up against her vehicle as serving no legitimate purpose.

Appellant's claim that the testimony of Complainant and the police concentrated on the police instructing him to place his trash across the street goes to the weight of the evidence.

Our standard of reviewing a weight of the evidence claim is well settled.

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview

- 13 -

is extremely limited and is confined to whether the trial court abused its discretion in finding that the . . . verdict did not shock one's conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Diaz***, 152 A.3d 1040, 1046 (Pa. Super. 2016) (citations omitted).[7] Such a claim "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." ***Id.*** (citation omitted).

Following our review, we agree with the trial court that the verdict in this case was supported by the weight of the evidence. Thus, the trial court did not abuse its discretion in entering a guilty verdict. ***Id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/18

---

[7] A defendant in a summary appeal matter is not permitted to file post-sentence motions. ***See*** Pa.R.Crim.P. 720(D). Thus, this issue has been preserved by its inclusion in Appellant's Rule 1925(b) statement. ***See Commonwealth v. Dougherty***, 679 A.2d 779, 784 (Pa. Super. 1996) (indicating that a weight claim is preserved in the summary appeal context where it is raised in a Rule 1925(b) statement).